Mavourneen DOHERTY,

v.

CITY OF CHICAGO, Graham C. Grady, Judith C. Rice, et al., Defendants–Appellees.

No. 95–1297.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 7, 1995.

Decided Feb. 1, 1996.

As Amended March 28, 1996.

Jay A. Schiller (argued), Chicago, IL, for Mavourneen Doherty.

Lawrence Rosenthal, Benna R. Solomon, Susan Haerr Zucker, Susan S. Sher, Meera Werth (argued), Office of the Corporation Counsel, Appeals Division, Chicago, IL, Gail A. Niemann, Mark W. Lewis, Office of the Corporation Counsel, Law Department, Chicago, IL, for City of Chicago, Graham C. Grady and Ernest R. Wish.

Patrick A. Murphy, Robert R. Dlugajczyk (argued), Chicago, IL, for John C. Grace.

Mara S. Georges (argued), Rock, Fusco, Reynolds, Crowe & Garvey, Chicago, IL, Brian L. Crowe, Crowe & Associates, Chicago, IL, for Patrick Levar.

Before RIPPLE, MANION and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

In her amended complaint, Mavourneen Doherty, a provider of space to charities for bingo games, alleges that the defendants conspired to violate her rights under the Fourteenth Amendment. Specifically, she alleges that the defendants improperly required her to obtain a Public Place of Amusement (PPA) license for one bingo hall and denied her zoning certification for another. The district court dismissed the amended complaint for failure to state a claim upon which relief can be granted. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

A. *Facts*

■ Because this case comes to us on appeal from the dismissal of a complaint for failure to state a cause of action, *see* Fed. R.Civ.P. 12(b)(6), we take the facts as alleged in the complaint as true. *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994).

Mavourneen Doherty operates a not-for-profit business of providing charities with space in which to hold fundraising bingo games. For the past ten years, she has operated bingo halls at various locations in the City of Chicago. Ms. Doherty is licensed by the State of Illinois to conduct this business; her license is policed by the Illinois Department of Revenue.

Since 1985, Ms. Doherty has operated a bingo hall at 3500 North Milwaukee Avenue in Chicago (Location "A"). On September 21, 1993, defendant-appellee Judith Rice, the Director of Revenue for the City of Chicago, closed the bingo hall at Location "A." The stated reason for the closing was the hall's operation without a PPA license in violation of the Chicago Municipal Code. Under the Code, a PPA license is required if the operator is entitled to all or a portion of the proceeds of the operation, but not where the business is conducted on a not-for-profit basis, as is Ms. Doherty's. Nevertheless, Ms. Doherty was required to pay a $700 license fee before she was permitted to reopen the bingo hall. This fee, Ms. Doherty contends, is far in excess of the amount ordinarily required for a PPA license. Ms. Doherty further alleges that Ms. Rice's office has not required any other bingo hall to obtain such a license and that she has lost a substantial amount of business as a result of Ms. Rice's actions.

Also in 1993, Ms. Doherty endeavored to open an additional bingo hall at 5820 North Milwaukee Avenue in Chicago (Location "B"). To this end, she sought to execute a ten-year lease for the premises that would commence on October 1, 1993. On August 25, 1993, Ms. Doherty and her attorney met with defendant-appellee Alderman Patrick Levar at his office and explained her desire to operate a bingo hall at Location "B." At this meeting, Alderman Levar expressed no objection to the proposed operation provided that it comported with city zoning requirements.

The proposed lease was opposed, however, by defendant-appellee John Grace, the pastor of neighboring St. Tarcissus church. Reverend Grace was concerned that the bingo operation proposed by Ms. Doherty would interfere with St. Tarcissus' own bingo games and fund-raising activities. In an effort to organize the local community against the proposed bingo hall, Reverend Grace printed and distributed fliers indicating, *inter alia,* that the bingo hall "would bring a multitude of strangers daily into the neighborhood, some with gambling habits and criminal instincts." R. 1. Ex. C. Reverend Grace also met with Alderman Levar to express his opposition to the bingo hall and, together, they attempted to persuade the owners of Location "B" not to proceed with the lease.

Prior to executing the lease, Ms. Doherty applied to defendant-appellee Graham Grady, the City Zoning Administrator, for zoning certification of the bingo hall at Location "B." Although the property was zoned "B–4," which would have permitted its use as a bingo hall, her application was denied on October 1, 1993. Ms. Doherty contends that there are other bingo halls in Chicago, similar to the one she proposed, operating under a "B–4" zoning designation. Because Ms. Doherty was denied the zoning certification, she did not execute the lease for Location "B."

On October 7, 1993, Alderman Levar proposed an ordinance to the Chicago City Council that would have changed the zoning designation under which existing bingo halls may operate. Under the proposed ordinance, Location "B" could not have been used as a bingo hall. Ms. Doherty alleges that Alderman Levar's sole purpose in proposing the zoning ordinance was to prevent her from opening a bingo hall at that location.

Ms. Doherty commenced this action in the United States District Court for the Northern District of Illinois. She alleges that the various defendants violated her rights under the Fourteenth Amendment. Specifically, she alleges that her rights were violated when she was required to obtain a PPA license for Location "A" and when her application for zoning certification at Location "B" was denied. Ms. Doherty, who is neither a member nor a supporter of the Democratic party or organization in Chicago, alleges that her mistreatment was politically motivated.[1]

**B.** *Proceedings in the District Court*

**1. The Original Complaint**

In her original complaint, Ms. Doherty alleged that the defendants acted under color of law to deprive her of rights guaranteed by the Fourteenth Amendment of the United States Constitution. The defendants moved to dismiss on a variety of grounds, including Ms. Doherty's failure to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). The district court construed Ms. Doherty's claim as one arising under 42 U.S.C. § 1983 and evaluated the complaint as if it alleged the following specific violations: (1) denial of procedural due process; (2) denial of substantive due process; and (3) denial of equal protection.

The court found that Ms. Doherty had adequately alleged a property interest in obtaining zoning certification at Location "B" and in operating a bingo hall at Location "A" without a PPA license. The court took the view, however, that Ms. Doherty had failed to adequately plead a constitutional violation with respect to these property interests. In order to state a procedural due process claim, the court explained, Ms. Doherty must allege either that she availed herself of state law remedies or that those remedies are inadequate; she had alleged neither. In order to state a substantive due process claim, the court continued, Ms. Doherty must show either a separate constitutional violation or the inadequacy of state law remedies. Since Ms. Doherty also had not pleaded adequately an equal protection claim, the court found, her failure to plead the inadequacy of state law remedies was fatal to her substantive due process claim as well. Her equal protection claim was found to be deficient because it did not adequately allege disparate treatment on account of her membership in a particular group.

Accordingly, the court dismissed the claims against the City of Chicago, Director Rice, and Administrator Grady without prejudice. Finding Alderman Levar entitled to absolute immunity with respect to his legislative activities, the court dismissed with prejudice those claims against him which arose from his proposal of the zoning ordinance;

---

1. In order to demonstrate that she has been discriminated against on political grounds, Ms. Doherty has included in her amended complaint several allegations concerning her past difficulties with the city. These difficulties have included: (1) the 1984 taking of her bingo hall at 4840 North Pulaski Road through condemnation proceedings; (2) the 1984 rezoning of Location "A" (successfully challenged in state court) to prevent her from operating a bingo hall at that location; and (3) the 1985 closing of her operation at Location "A" for operating without a PPA license; after several days, she was permitted to reopen when the city determined that she did not need the license.

the remaining claims against him were dismissed without prejudice. As to Reverend Grace, the court found that the complaint adequately alleged his role in a conspiracy with Alderman Levar, but because Ms. Doherty had not stated a constitutional violation, the claims against him were dismissed without prejudice.

### 2. The Amended Complaint

In her amended complaint, Ms. Doherty attempted to correct the pleading deficiencies identified by the district court. The defendants again moved for dismissal. The district court, deciding that the amended pleading still suffered from many of the deficiencies identified in its prior opinion, dismissed the case with prejudice.

With respect to the due process claims—both procedural and substantive—the district court held that the plaintiff had failed to state a cause of action because she had again failed to allege sufficiently that the available state remedies were inadequate to protect her rights. The court noted that, as to Location "A," the amended complaint alleges only that "available state remedies are inadequate." R. 33, Am.Compl. ¶ 37. This "conclusory allegation" is insufficient, the court ruled, since Ms. Doherty has not shown why the state courts provide her with an inadequate remedy. With respect to Location "B," the amended complaint alleges that Ms. Doherty lacks standing to appeal the denial of zoning certification to the Zoning Board of Appeals because she is not the owner, lessee or contract buyer. The court noted, however, that neither the Zoning Board's Rules of Procedure nor the appeal form that must be filed with the Board limits the right of appeal to such persons.

Ms. Doherty's equal protection claim that she had been subject to discrimination on the basis of her political beliefs, the court ruled, must also fail. The court took the view that the amended complaint still did not allege an adequate connection between her non-affiliation with the Democratic party and her failure to procure the requisite permit.

## II

## DISCUSSION

■ This court reviews the grant of a motion to dismiss de novo. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775 (7th Cir.1994). Like the district court, we take all of the well-pleaded factual allegations contained in the amended complaint as true and construe them in the light most favorable to the plaintiff. *City Nat'l Bank,* 32 F.3d at 281. Under the Federal Rules of Civil Procedure, a complaint need only state "a short and plain statement of the claim showing that the pleader is entitled to relief" to be sufficient. Fed.R.Civ.P. 8(a). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Hi–Lite Prods. Co. v. American Home Prods. Corp.,* 11 F.3d 1402, 1405 (7th Cir.1993).

### A. Due Process

Ms. Doherty's amended complaint, charitably read, sets forth causes of action grounded in both procedural and substantive due process. The district court took the view that, under each, it is necessary for the plaintiff to allege that the remedies afforded by state law are inadequate. For the reasons that follow, we agree with the district court's analysis.

### 1. Procedural Due Process

■ Procedural due process claims require a two-step analysis. The first step requires us to determine whether the plaintiff has been deprived of a protected interest; the second requires a determination of what process is due. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153–54, 71 L.Ed.2d 265 (1982); *Forbes v. Trigg,* 976 F.2d 308, 315 (7th Cir.1992), *cert. denied,* 507 U.S. 950, 113 S.Ct. 1362, 122 L.Ed.2d 741 (1993). In the present case, the district court found that Ms. Doherty had adequately alleged a property interest in obtaining zoning certification at Location "B" and in operating a bingo hall at Location "A" without a PPA license; our inquiry focuses,

therefore, on the requirements of the second step: determining what process is due.

■ Due process, the Supreme Court has repeatedly written, is a flexible concept that varies with the particular situation. *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 983–94, 108 L.Ed.2d 100 (1990); *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Noting that the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner, *see Parratt v. Taylor,* 451 U.S. 527, 540, 101 S.Ct. 1908, 1915–16, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986), the Court has rejected the notion that the state is always required to provide a hearing prior to the deprivation of property. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1984); *Parratt,* 451 U.S. at 540, 101 S.Ct. at 1915–16. In certain circumstances, postdeprivation remedies are all the process that is due because, as a practical matter, they are the only remedies that the state can be expected to provide. *Zinermon,* 494 U.S. at 128, 110 S.Ct. at 984–85; *Hudson,* 468 U.S. at 534, 104 S.Ct. at 3204.

In *Hudson v. Palmer,* the Supreme Court addressed one such set of circumstances. In that case, the Court defined the process that is due when a deprivation results from the intentional but "random and unauthorized conduct" of a state employee. *Hudson,* 468 U.S. at 533, 104 S.Ct. at 3203–04. In contrast to conduct undertaken in accordance with established state procedure, the Court explained, the state cannot know when deprivations caused by "random and unauthorized" conduct will occur. *Id.* Thus, the Court held that "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause if a meaningful postdeprivation remedy for the loss is available." *Id.* at 533, 104 S.Ct. at 3204.

■ The holding in *Hudson* has translated into an additional requirement for plaintiffs desiring to bring a procedural due process claim based on the "random and unauthorized" conduct of a state actor. Where state law remedies exist, a plaintiff must either avail herself of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate. *Daniels v. Williams,* 474 U.S. 327, 339–40, 106 S.Ct. 677, 678–79, 88 L.Ed.2d 662 (1986) (Stevens, J., concurring) ("[A] complaint does not state a valid procedural due process objection—and a valid § 1983 claim—if it does not include a challenge to the fundamental fairness of the state's procedures.... [I]f a procedural due process claim lacks a colorable objection to the validity of the State's procedures, no constitutional violation has been alleged.") (footnote omitted); *Hudson,* 468 U.S. at 539, 104 S.Ct. at 3206–07 (O'Connor, J., concurring); *Parratt,* 451 U.S. at 537–44, 101 S.Ct. at 1913–17; *Kauth v. Hartford Ins. Co. of Ill.,* 852 F.2d 951, 955–56 (7th Cir. 1988); *see, e.g., Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1075, 127 L.Ed.2d 393 (1994); *Easter House. v. Felder,* 910 F.2d 1387, 1405 (7th Cir.1990) (en banc), *cert. denied,* 498 U.S. 1067, 111 S.Ct. 783, 112 L.Ed.2d 846 (1991).

■ Upon close examination of the plaintiff's opening brief in this court, we find no substantive discussion of this requirement. Ms. Doherty does not take issue with the district court's determination that she has not alleged—and cannot allege—that the remedies provided by the state of Illinois are inadequate. Under these circumstances, we must conclude, as a matter of law, that the plaintiff has waived the point.[2] Because, as

---

2. We note that the City of Chicago, one of the appellees before us, asserts waiver with respect to Location "A" but discusses the merits of the due process claim with respect to Location "B." Under the circumstances here, we do not consider this discussion to be a "waiver of the waiver" that binds us. *See Banks v. NCAA,* 977 F.2d 1081, 1087 n. 8 (7th Cir.1992), *cert. denied,* 508 U.S. 908, 113 S.Ct. 2336, 124 L.Ed.2d 247

(1993); *cf. Granberry v. Greer,* 481 U.S. 129, 134–35, 107 S.Ct. 1671, 1675–76, 95 L.Ed.2d 119 (1987). At oral argument, counsel for the City of Chicago conceded, in response to a question from the court, that it was difficult to find any particular place in the appellant's brief where the inadequacy of Illinois remedies is addressed in any meaningful fashion. Counsel explained that the merits had been addressed out of an

we have discussed above, demonstration that available state remedies are inadequate is an essential part of Ms. Doherty's case, we also must conclude that there is no merit to the plaintiff's appeal on her procedural due process claim.

We reach this conclusion with great reluctance; we prefer, as do the litigants before us, that our resolution of an appeal be based on the merits of the case and not on a procedural insufficiency. Nevertheless, it has long been the law of this circuit that Rule 28(a)(4) [now (a)(6) ] of the Federal Rules of Appellate Procedure requires that an appellant present in its brief the issues it desires to litigate supported by appropriate judicial authority and reasoned discussion. *Littlefield v. McGuffey,* 954 F.2d 1337, 1342 (7th Cir.1992); *F.T.C. v. World Travel Vacation Brokers, Inc.,* 861 F.2d 1020, 1025–26 (7th Cir.1988) (collecting cases); *Beard v. Whitley County REMC,* 840 F.2d 405, 408 (7th Cir. 1988). Given our adversary system of litigation, "[i]t is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir.1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987); *see Keller v. United States,* 58 F.3d 1194, 1196 n. 3 (7th Cir.1995); *Salazar v. City of Chicago,* 940 F.2d 233, 242–43 (7th Cir.1991).

We note in passing, however, that our examination of the authorities cited by the district court and the appellees leaves little doubt about the correctness of the district court's ruling. It is clear from Ms. Doherty's complaint that the deprivation she complains of occurred, if at all, as the result of "random and unauthorized" acts. Accordingly, she was entitled only to postdeprivation remedies. We agree with the district court that Ms. Doherty has not alleged—and cannot allege—that her state law remedies are inadequate to redress the injuries she claims to have sustained: (1) the requirement that she obtain a PPA license for Location "A" at an inflated fee; and (2) the denial of zoning certification for Location "B."

With respect to Location "A," the amended complaint alleges only that "available state remedies are inadequate." R. 33, Am.Compl. ¶ 37. We agree with the district court's ruling that such a conclusory allegation is insufficient, especially since Ms. Doherty has failed to explain why she cannot pursue her claim in the Illinois state courts.

With respect to Location "B," Illinois law and the Municipal Code of Chicago provide Ms. Doherty with a comprehensive set of administrative and judicial remedies to challenge the denial of zoning certification. A decision of the Zoning Administrator, such as the one challenged here, may be appealed to the Zoning Board of Appeals. 65 ILCS 5/11–13–12 (1992); Municipal Code of Chicago, Ill. § 17–11.3–2(1) (1981). In addition, all decisions of the Zoning Board of Appeals are subject to judicial review in the Illinois state courts.[3] 65 ILCS 5/11–13–13 (1992); Municipal Code of Chicago, Ill. § 17–11.3–4 (1981). We find unpersuasive Ms. Doherty's contention that she lacks standing to appeal the denial of zoning certification to the Zoning Board of Appeals because she is not the owner, lessee or contract buyer of the property. As the district court points out, neither the Rules of Procedure for the Zoning Board of Appeals nor the appeal form that must be filed with the Board limits the right of appeal to such persons.[4] Simply put, Ms.

---

abundance of caution. In any event, we believe that there are institutional concerns that militate strongly against our having to accept such a "waiver of a waiver." *Cf. Pittman v. Chicago Bd. of Educ.,* 64 F.3d 1098, 1101 (7th Cir.1995). The appellees, by addressing the merits out of abundance of caution in order to protect fully their rights, cannot impose on the court the obligation to make arguments for the other party that the party has not made for itself.

3. Again with respect to Location "B," Ms. Doherty does not explain why her claim cannot be pursued in the state courts, perhaps because any such explanation would be belied by her allegation that, when Location "A" was rezoned to prohibit her bingo hall operation in 1984, she successfully challenged the rezoning in state court. *See supra* note 1.

4. The district court took judicial notice of these materials, which the parties had attached to their submissions to the court. *See Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir.1986) (permitting court to take judicial notice of matters of public record on motion to dismiss without converting motion to one for summary judgment).

Doherty has not alleged sufficiently that her state law remedies are inadequate.

## 2. Substantive Due Process

■ At the outset, we are again confronted with a situation in which Ms. Doherty has preserved only a portion of her claims. Her appellate brief fails to address, in any meaningful way, the applicability of a substantive due process analysis to the injury she claims to have suffered at Location "A." Whatever substantive due process claim Ms. Doherty might have had with respect to that location is, therefore, waived. *Beard,* 840 F.2d at 408.

■ Turning our attention to Location "B" and the denial of zoning certification, we note that Ms. Doherty's complaint sets forth only the vaguest contours of a substantive due process claim.[5] Her submissions to the district court responding to defendants' motions to dismiss and her appellate brief provide little, if any, further illumination.

Although our cases have noted the lack of guidance from the Supreme Court on the issue, *see, e.g., Holstein v. City of Chicago,* 29 F.3d 1145, 1148–49 (7th Cir.1994); *Hohmeier v. Leyden Community High Schools District 212,* 954 F.2d 461, 467 n. 3 (7th Cir.1992), we have recognized the potential for a substantive due process claim in the context of land-use decisions that are arbitrary and unreasonable, bearing no substantial relationship to the public health, safety or welfare. *See*

*New Burnham Prairie Homes v. Village of Burnham,* 910 F.2d 1474, 1480 (7th Cir.1990); *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 467–68 (7th Cir.1988). We have emphasized, however, that "[f]ederal courts are not boards of zoning appeals," *River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 165 (7th Cir.1994); *New Burnham,* 910 F.2d at 1475; *Estate of Himelstein v. Fort Wayne,* 898 F.2d 573, 578 (7th Cir. 1990), and that a disciplined jurisprudence in this area is required. As a result, we have required that, "in addition to alleging that the decision was arbitrary and irrational, 'the plaintiff must also show either a separate constitutional violation or the inadequacy of state law remedies.'" *New Burnham,* 910 F.2d at 1475 (quoting *Polenz v. Parrott,* 883 F.2d 551, 558 (7th Cir.1989)); *Kauth,* 852 F.2d at 958 ("[I]n cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right or that the available state remedies are inadequate, the plaintiff has not stated a substantive due process claim.").

Some circuits have indicated that cases of political bias in land-use decisionmaking may give rise, at least under some circumstances, to a substantive due process claim despite the seeming adequacy of state remedies. *See Brady v. Town of Colchester,* 863 F.2d 205, 215–16 (2d Cir.1988); *Bello v. Walker,* 840 F.2d 1124, 1128–30 (3d Cir.), *cert. denied,*

---

5. The operative paragraph of her complaint alleges:

23. The Mayor and City Clerk of the CITY OF CHICAGO, the Alderman of the 35th Ward of the CITY OF CHICAGO and defendant, Ald. LEVAR of the 45th Ward of the CITY OF CHICAGO are all elected as Democrats, or are elected due to the support of, the Democratic party of the CITY OF CHICAGO. Zoning Commissioner Grady and Director of Revenue Rice are both appointed by Democratic office holders.

The plaintiff herein is neither a member of the Democratic Party of the City of Chicago, affiliated with the Democratic Party or a supporter of the Democratic Party. She is a member of a class, a small minority, that does business within the City limits, is not a part of the Democratic organization and was consequently discriminated against; hence;

a) Plaintiff's first bingo hall was taken by condemnation proceedings;

b) Plaintiff's second bingo hall (Location A) property was rezoned so as not to let her operated [sic] in the City (although eventually by court Order the rezoning was ruled null and void);

c) Plaintiff's location A bingo hall was closed in 1985 for failure to have a Public Place of Amusement License (later determined that said license was not required);

d) Plaintiff's application for Zoning Certification at Location B was denied;

e) Plaintiff's bingo hall at Location "A" in 1993 was again closed by the Director of revenue of the CITY OF CHICAGO for failure to obtain a Public Place of Amusement License although that requirement had already been determined to be inapplicable to plaintiff's operation.

R. 33, Am.Compl. ¶ 23.

488 U.S. 851, 109 S.Ct. 134, 102 L.Ed.2d 107 (1988).[6] Others have indicated that cases of political bias ought to be resolved under the First Amendment rather than under a substantive due process approach. *See Nestor Colon Medina & Sucesores v. Custodio,* 964 F.2d 32, 46–47 (1st Cir.1992); *cf. Albright v. Oliver,* —— U.S. ——, ——, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (indicating that, where a section 1983 plaintiff alleges a cause of action protected by an "explicit textual source" of the Constitution, "that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing that claim."); *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (same). Our cases make clear, however, that a plaintiff desiring to bring a substantive due process claim is required to show either the inadequacy of state law remedies or an independent constitutional violation.

The plaintiff in the present case has not addressed either of these conditions in her submissions to the district court or in her appellate brief. As discussed above in the context of her procedural due process claim, Ms. Doherty cannot show the inadequacy of available state remedies. There is no suggestion that she would not have recourse in the state courts had the initial decisionmaker been biased and no allegation of the type of systemic bias that would make pursuit of such remedies futile. *See Custodio,* 964 F.2d at 45 ("[T]he due process clause may not ordinarily be used to involve federal courts in the rights and wrongs of local planning disputes. In the vast majority of instances, local and state agencies and courts are closer to the situation and better equipped to provide relief."); *Schaper v. City of Huntsville,* 813 F.2d 709, 718 (5th Cir.1987) (regarding the availability of a prompt postdeprivation administrative hearing as "a significant factor" in rejecting Schaper's substantive due process claim).

Even if we were to assume that there is an independent constitutional right to be free from political bias in land-use decisionmak-

ing—a proposition accepted by the First Circuit and alluded to in *Coniston, see* 844 F.2d at 467—the plaintiff's submissions at each stage in the litigation have been less than specific in making such a claim. Ms. Doherty nowhere has alleged that the decisionmaker knew of her nonaffiliation with the Democratic party or that anyone with the favored political affiliation received zoning certification under similar circumstances. *See Custodio,* 964 F.2d at 41–43.

■ It is insufficient to make bald allegations that state procedures were biased against a litigant on the basis of political affiliation. In order to invoke the protection of the Constitution, under either a substantive due process or First Amendment approach, something more than a conclusory allegation is necessary. *Id.* We are mindful of the Supreme Court's holding in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), that there is no heightened standard of pleading for section 1983 cases against local governments. Still, there must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint. Here, even under the liberal construction given to pleadings in the context of a motion to dismiss pursuant to Rule 12(b)(6), Ms. Doherty was unable to provide the necessary factual grounds for a substantive due process claim.

### B. *Equal Protection*

■ The district court also dismissed Ms. Doherty's claim, grounded in the Equal Protection Clause of the Fourteenth Amendment, that she had been the object of discrimination on the basis of her nonaffiliation with a particular party. The appellant does not raise, much less discuss, this matter before us and has therefore waived the issue; we shall not address it. *See Williams v. Leach,* 938 F.2d 769, 772 (7th Cir.1991).

---

**6.** Neither court has delineated with any precision the circumstances under which it will entertain such a cause of action. Commenting on these cases, the First Circuit noted that "[t]he political

interference in both cases was based, at least in part, on personal hostility toward the applicants." *Nestor Colon Medina & Sucesores v. Custodio,* 964 F.2d 32, 46 (1st Cir.1992).

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.