Jerelyn L. BENNETT–BEIL and Gordon H. Schubert, individually, and Kids Come First, Inc., a Wisconsin corporation, Plaintiffs,

v.

VILLAGE OF HARTLAND, Village Board, Village Planning Commission, and the following named individual Board and Planning Commission Members in their official and individual capacities: David Lamerand, Karen Compton, James Heinzelman, Kevin Nold, Joseph Burkard, Debbie Tio, Richard Landwehr, Pete Samens, Norm Hanson, Peter Chladil, James Bierman, and Merl Austin, Defendants.

Civil Action No. 95–C–0910.

United States District Court,<br/>E.D. Wisconsin.

April 8, 1997.

John F, Fuchs, Fuchs, Finn, Snow & O'Connell, Milwaukee, WI, for Plaintiffs.

Charles H. Bohl, Ann M. Maher, Whyte Hirschboeck & Dudek, SC, Milwaukee, WI, Joseph D. McDevitt, Borgelt, Powell Peterson & Frauen, SC, Milwaukee, WI, for Defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

The plaintiffs (jointly "Kids Come First") have sued the defendants (jointly "the Village"), alleging that the Village's zoning decisions violated 42 U.S.C. § 1983 and the Wisconsin Constitution. The Village has challenged the sufficiency of Kids Come First's complaint and has raised various immunity defenses. The Village asks the court either to dismiss the complaint under Fed. R.Civ.P. 12(b)(6) or to grant summary judgment under Fed.R.Civ.P. 56(c). Because the motions were filed so early in the case, the court will consider the substantive challenge to the case only as a Fed.R.Civ.P. 12(b)(6) motion to dismiss. Because Kids Come First fails to state a violation of the United States Constitution, the court dismisses the claims under 42 U.S.C. § 1983 and declines to exercise jurisdiction over the state law claim.

## ALLEGATIONS OF THE COMPLAINT

Jerelyn L. Bennett–Beil and Gordon H. Schubert formed Kids Come First, Inc., as a daycare provider and nursery school, which would operate at the First Congregational Church in the Village of Hartland ("Hartland"). During the planning stages, Village staff did not identify any zoning problems with the Kids Come First plan. Kids Come First, however, could operate only as a nursery school because the First Congregational Church was zoned I–1, and an I–1 district forbid the operation of a day care center.

Kids Come First never operated as a day care center at the First Congregational Church, and they always complied with zoning codes. From September 1994 to December 1994, the Village subjected Kids Come First to continuous review and placed arbitrary conditions on its permitted use. The Village limited the age of enrollment, required Kids Come First to negotiate with neighbors on building a playground, and forced Kids Come First to obtain an occupancy permit. The Village also investigated Kids Come First and threatened to issue cease and desist orders in retaliation for Kids Come First's refusal to submit to the Village's requirements.

The Village never gave Kids Come First notice of what a "preschool" was as defined by the zoning ordinance. The Village also conducted meetings involving Kids Come First without giving Kids Come First notice, even though the Village knew the meetings would impact on the continued operation and existence of Kids Come First.

The Village placed conditions on Kids Come First in retaliation to a Kids Come First ad in the local papers and threatened to issue a cease and desist order.

As a result of all of these restrictions, Kids Come First was financially damaged.

## DISCUSSION

On a dismissal motion, the court accepts all factual allegations as true and must draw all inferences in favor of the plaintiff. *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 791 (7th Cir.1996). The court may dismiss the complaint only if no set of facts consistent with the complaint would allow the plaintiff to triumph. *Id.* In the end, the complaint must give the defendant notice; it need not describe the details of the claim. Of course, plaintiffs can plead too many facts: if the facts actually pled preclude recovery, the plaintiffs have pled themselves out of court.

### A. Procedural Due Process Claim

Kids Come First alleges that the Village denied them procedural due process in two ways: (1) the Village did not define the terms "preschool" or "ancillary uses" as they were used in the zoning ordinance and (2) the Village did not give notice of meetings that affected Kids Come First. Under the Fourteenth Amendment, the Village must provide Kids Come First with due process before depriving it of property. U.S. Const. amend. XIV § 1. Due process has both a substantive and procedural component.

To show a procedural due process violation, Kids Come First must prove that (1) it had a property right, (2) the Village deprived them of that right, and (3) the Village failed to provide the constitutionally mandated procedures. *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996). Due process is a flexible concept, however, and the procedures required vary from situation to situation. *Id.* at 323. For example, before imprisoning someone, the state must provide specific, significant procedural protections. Conversely, zoning decisions require only minimal procedures. *River Park, Inc. v. City of Highland Park,* 23 F.3d 164 (7th Cir.1994). Basically, cities may make zoning decisions through referendums without any hearing. *Id.* (*citing City of Eastlake v. Forest City Ents., Inc.,* 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976)). Furthermore, in certain circumstances a predeprivation hearing is unnecessary because it would serve no purpose.

*Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

■ Assuming the Village deprived Kids Come First of a property right (the defendants have not contested this point), the Village's failure to define school or ancillary use is constitutional. Otherwise, courts would become zoning appeal boards, involved in the minor details of zoning decisions. Kids Come First received more procedural protection than the plaintiffs in *Eastlake* whose fate was left to an election.

■ Notice, however, is the core of procedural due process; no doubt, the constitution requires the Village to give Kids Come First notice of any hearing that would affect its property rights. If the deprivation was random and unauthorized, there is no way the Village could have prevented it, and Kids Come First must exhaust any adequate, post-deprivation remedies provided by the state. *See Parratt,* 451 U.S. at 541, 101 S.Ct. at 1916. For example, if a prison guard negligently loses a prisoner's property, the guard has deprived the prisoner of the property and without any procedure. Because the deprivation was the guard's failure to follow the prison's requirements, the state could to do nothing more to prevent such a deprivation. *Id.* at 544, 101 S.Ct. at 1917–18. It would be meaningless for a prison to have to conduct a hearing before negligently depriving the prisoners of their property.

In other words, if the Village failed to follow an established, constitutional procedure, a constitutional violation occurs only after Kids Come First has exhausted its post-deprivation remedies. Here, Kids Come First has not alleged that the Board and Planning Commission members never gave anyone notice of their meetings; but rather, that the defendants failed to follow established procedures. As Kids Come First admits, Wisconsin provides adequate post-deprivation remedies. Because Kids Come First has not pursued those remedies, it does not have a procedural due process claim.

### B. First Amendment Claim

■ In a retaliation case, the plaintiff must prove a chronology of facts from which

a fact finder could infer that the plaintiff's exercising a First Amendment right was a substantial cause of the plaintiff's punishment. *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). In addition, the plaintiff must show that the retaliatory motive was a substantial cause of the defendant's actions. Then, the defendant may argue that the disciplinary action would have happened regardless of the defendant's motives. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). In other words, the defendant must prove that the disciplinary action *would* have occurred regardless of the defendant's motives, not just that the disciplinary action *could* have occurred regardless of the defendant's motives.

■ Based on Kids Come First's complaint, its allegations preclude a finding of retaliatory intent. Kids Come First alleges:

Defendants commenced two Village Board meetings in response to plaintiffs placing an advertisement for their business in a local paper. Defendants further placed future conditions upon the plaintiff's business based on perceived or anticipatory response to such ad without regard to the actual facts and circumstances attendant with plaintiffs' operation of their business.

(Cmpl.¶ 23.) In its brief, Kids Come First argues that an advertisement stated that Kids Come First was accepting enrollment for its preschool, and the Village retaliated against it because of the ad.

The claim fails for two reasons. First, Kids Come First has not alleged a chronology of facts from which the court can infer discrimination. For example, usually a plaintiff alleges that the time between the protected activity and the punishment was short; here, the complaint gives no information.

Second, even if the court assumes that the punishment occurred shortly after the publication of the ad, Kids Come First has pled itself out of court. The Village must have retaliated against Kids Come First because of the publication or substance of the ad. As pled, the Village punished Kids Come First based on "perceived or anticipatory response to such ad without regard to the actual facts and circumstances attendant with plaintiffs' operation of their business." The Village interpreted the ad incorrectly and believed Kids Come First was going to run a day care center.

In other words, the Village punished Kids Come First for what they though was occurring there, not because of the ad. If the punishment was based on a mistaken perception of what Kids Come First was doing, then it was not in retaliation for publishing the two ads. Therefore, Kids Come First has failed to allege a retaliation claim.

## C. Substantive Due Process Claim

To allege a substantive due process claim for the deprivation of its property, Kids Come First must allege either that its state remedies are inadequate or that some other constitutional right has been violated. *Polenz v. Parrott*, 883 F.2d 551 (7th Cir.1989). Kids Come First admits that its state remedies are adequate but argue that it has alleged violations of procedural due process and the First Amendment. Because the court has dismissed those constitutional claims, Kids Come First has no foundation for its substantive due process claim.

## D. State Law Claim

Having dismissed all federal claims, the court no longer has supplemental jurisdiction over the state law claim and dismisses it without prejudice. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The court **DISMISSES** all claims against the Village of Hartland, Village Board, Village Planning Commission, David Lamerand, Karen Compton, James Heinzelman, Kevin Nold, Joseph Burkard, Debbie Tio, Richard Landwehr, Pete Samens, Norm Hanson, Peter Chladil, James Bierman, and Merl Austin and **DISMISSES** the case.