# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2887

_____

|  |  |  |
|---|---|---|
| Larry D. Bittick, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Ireene Mooney; Kathy Grossman; | * | |
| Sharon Kay Bittick; Beverle Scott, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  December 30, 2002

Filed:  January 9, 2003

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Missouri inmate Larry D. Bittick appeals the district court's[1] dismissal of his
42 U.S.C. § 1983 lawsuit.  Mr. Bittick alleged defendants conspired to wrongfully
collect child support from his military pension in excess of what was provided for in
his divorce decree.  Having carefully reviewed the record, we conclude that dismissal

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western
District of Missouri.

of Mr. Bittick's complaint was proper because post-deprivation remedies are available to remedy defendants' alleged collection of more monies than authorized by Mr. Bittick's divorce decree, and Mr. Bittick has not demonstrated that state-law remedies are inadequate. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized intentional deprivations of property by state employee does not constitute violation of procedural due process if meaningful post-deprivation remedy is available); Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir. 1996) (holding in licensing and zoning case that where state law remedies exist, plaintiffs must either avail themselves of remedy guaranteed by state law or demonstrate that available remedies are inadequate); Mo. Rev. Stat. § 454.505(3) (2000) (party may contest child-support withholding by requesting hearing within 30 days after notice of withholding was mailed); Mo. Rev. Stat. § 454.475 (2000) (administrative hearing procedures for child-support enforcement). We also agree with the district court that Mr. Bittick did not sufficiently allege a conspiracy between defendant Sharon Bittick (Mr. Bittick's ex-wife) and a state actor.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-