Jimmy M. SCOTT, Plaintiff–Appellant,

v.

Oatess E. ARCHEY, et al.,
Defendants–Appellees.

No. 03–1837.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 22, 2004.*

Decided Jan. 22, 2004.

Jimmy M. Scott, pro se, Eastover, SC, for plaintiff–appellant.

Matthew L. Hinkle, Coots, Henke & Wheeler, Carmel, IN, Carolyn J. Devine, Gas City, IN, Cathleen M. Shrader, Barrett & McNagny, Fort Wayne, IN, for defendants–appellees.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Sheriff's deputies in Grant County, Indiana, arrested and jailed Jimmy Scott

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

three times in a five-month period, and after two of these arrests B & H Towing Company towed his vehicle from the scene. The third arrest landed Scott in pretrial detention for three months. After his release he sued Grant County Sheriff Oatess Archey and B & H owner Bob Howell claiming that they (and others not relevant to this appeal) violated his civil rights in connection with the arrests, the vehicle impoundments, and the conditions of his pretrial confinement. The district court granted summary judgment to Oatess and Archey. We affirm.

Scott's complaint involves his arrests in November 2000 and March 2001 (his other arrest was in December 2000). On both occasions his vehicle was towed in accordance with the sheriff's department's Standard Operating Procedure, the first time because his Oldsmobile was parked on the narrow dirt shoulder of an unlit public roadway, and the second time because his truck and unlicensed trailer were parked on a shoulderless area of a two-lane undivided road. Scott recovered his vehicles after paying the towing charges. After the March 2001 arrest, he spent three months in pretrial custody, and while detained submitted grievances alleging that he had been deprived of medication since the outset his confinement, and that he had missed a chemotherapy appointment at the veterans' hospital in Fort Wayne because the jail staff refused to transport him there. As pertinent here, Scott's complaint alleges that in towing his vehicles Sheriff Archey and Howell conspired to deprive him of the use of the automobiles without notice or a hearing in violation of his Fourteenth Amendment right to procedural due process, that Howell damaged his truck's transmission when B & H towed it, and that Archey violated his Eighth and Fourteenth Amendment rights to adequate medical treatment.

■ Scott's claim about the towing of his car and truck is frivolous. The deputies who ordered his vehicles impounded and towed were entitled to do so either in accordance with the sheriff's department's standard operating procedure or as a facet of their community care-taking function. *See United States v. Duguay*, 93 F.3d 346, 351–52 (7th Cir.1996); *United States v. Griffin*, 729 F.2d 475, 480 (7th Cir.1984). The sheriff's department generally tows vehicles left in public areas when–as was true here–the driver is arrested and no licensed driver is available to remove the vehicle. *See also* Ind.Code § 9–21–16–3. And such a vehicle is also subject to removal as part of the arresting officers' community care-taking function. *See Griffin*, 729 F.2d at 480. Scott was not entitled to notice or a predeprivation hearing, *see Sutton v. City of Milwaukee*, 672 F.2d 644, 646 (7th Cir.1982); all that due process requires is an adequate post-deprivation procedure, *Gable v. City of Chicago*, 296 F.3d 531, 539–40 (7th Cir.2002). Indiana provides several: replevin, *State Exchange Bank of Culver v. Teague*, 495 N.E.2d 262, 266 (Ind.Ct.App.1986); breach of bailment, *United Farm Family Ins. Co. v. Riverside Auto Sales*, 753 N.E.2d 681, 684–85 (Ind.Ct.App.2001); and wrongful conversion, *Plymouth Fertilizer Co. Inc. v. Balmer*, 488 N.E.2d 1129, 1140 (Ind.Ct. App.1986). Scott does not even argue that these remedies are inadequate, and thus he simply had no claim for a violation of procedural due process. *Doherty v. City of Chicago*, 75 F.3d 318, 323–24 (7th Cir. 1996); *Gable*, 296 F.3d at 540. As to Scott's claims against Howell, a towing company is not a state actor, *see Hinman v. Lincoln Towing Serv., Inc.*, 771 F.2d 189, 192–93 (7th Cir.1985), but in any event the absence of a constitutional claim against the sheriff also dooms Scott's federal claim against B & H's owner, whether for the initial tows or the later damage to

his truck, *see Cefalu v. Village of Elk Grove,* 211 F.3d 416, 423 (7th Cir.2000).

 Scott's claims that he received inadequate medical treatment are equally flawed, and the district court was correct to conclude that his evidence was insufficient to survive summary judgment. Scott was required to prove he had an objectively serious medical need that the jail staff knew about but consciously disregarded. *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir.2002); *Qian v. Kautz,* 168 F.3d 949, 955 (7th Cir.1999). Putting aside the lack of any personal involvement by Sheriff Archey (without which Archey cannot be held personally liable, *see Payne v. Churchich,* 161 F.3d 1030, 1039 (7th Cir. 1998)), Scott's claim is that he was denied medication and missed a chemotherapy appointment. But evidence from the VA hospital established that no medication was prescribed for Scott at the time he was detained, and Archey also submitted undisputed evidence that Scott refused to authorize jail personnel to go to his house and pick up any medications he might have there. Moreover, an affidavit from a VA hospital employee established that Scott was no longer undergoing chemotherapy treatment when he was jailed (his "appointment" was merely a follow-up that could be rescheduled). Thus, there is no evidence that Scott's jailors ignored any serious medical need. *Perkins v. Lawson,* 312 F.3d 872, 875 (7th Cir.2002); *Qian,* 168 F.3d at 955–56.

AFFIRMED.