In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 24-1006

INDIANA LAND TRUST #3082, *et al.*,

*Plaintiffs-Appellants*,

*v.*

HAMMOND REDEVELOPMENT
COMMISSION, *et al.*,

*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:21-cv-201 — **John E. Martin**, *Magistrate Judge*.

_____

ARGUED MAY 30, 2024 — DECIDED JULY 10, 2024

_____

Before ST. EVE, KIRSCH, and KOLAR, *Circuit Judges*.

ST. EVE, *Circuit Judge*. On a parcel between Indianapolis Boulevard and the Water Gardens neighborhood in Hammond, Indiana, sits a lucrative fireworks and tobacco business. The City of Hammond seeks to use its eminent domain power to take that parcel, raze the structure, and connect the roadway and neighborhood. The eminent domain action is playing out in Indiana state court. This action asks the federal

courts to intervene—by enjoining the proceeding and award-
ing damages—for the alleged constitutional and federal law
violations arising from the eminent domain action. Because
the plaintiffs' sweeping conspiratorial allegations fail to state
a claim, we affirm the district court's dismissal of their third
amended complaint with prejudice.

## I. Background

At the pleadings stage, "we construe the complaint in the
light most favorable to the plaintiff[s], accepting as true all
well-pleaded facts alleged, and drawing all possible infer-
ences in the plaintiff[s'] favor." *Proft v. Raoul*, 944 F.3d 686, 690
(7th Cir. 2019) (cleaned up).

### A. Factual Background

Owned by Indiana Land Trust #3082, the property at 1318–
1320 Indianapolis Boulevard in Hammond, Indiana, is home
to a business that sells fireworks and tobacco products. The
Trust's beneficiaries, brothers Omar and Haitham Abuzir, op-
erate the business. (For ease of reading, we refer to the broth-
ers and the Trust—the plaintiffs here—collectively as "the
Abuzirs.") The business is quite lucrative, due in part to its
proximity to the border with Illinois (where fireworks are
more regulated)—for obvious reasons, this location is more
desirable than that of other Hammond fireworks businesses.

Others also find the location desirable. The trust property
sits between the well-traveled Indianapolis Boulevard and the
Water Gardens neighborhood. Vacant, undeveloped lots flank
the property's other two sides.

Previously, Parkview Avenue provided an access route be-
tween Indianapolis Boulevard and Water Gardens to the
northwest of the trust property. But this access route closed in

2011 when Hammond officials deemed it a public safety hazard. Since then, Water Gardens has had no direct access to Indianapolis Boulevard.

Now, the City of Hammond seeks to reconnect the neighborhood to the major roadway. It does not wish to reopen the prior access route, however. Instead, it has set its sights on the trust property.

### B. Procedural Background

#### 1. State Court Proceedings

The yearslong bid to acquire the trust property began in January 2018 when the Hammond Redevelopment Commission (the "Commission") offered to purchase it. The Commission's stated purpose was to provide better road access to Water Gardens. The proposed road would run straight through the structure on the trust property rather than through any of the abandoned lots bordering it. The Abuzirs declined the offer.

The Commission thus commenced an action in Indiana state court to condemn the trust property in accordance with Indiana's eminent domain statute. *See* Ind. Code § 32-24. Under this statute, a "would-be condemnor fil[es] a complaint in the trial court," to commence a condemnation proceeding. *See Bender Enters., LLC v. Duke Energy, LLC*, 201 N.E.3d 206, 209 (Ind. App. Ct. 2022) (citing Ind. Code § 32-24-1-4(a)). "The property owner may then file objections," including "lack of subject matter or personal jurisdiction; lack of authority 'to exercise the power of eminent domain for the use sought;' or [may object] 'for any other reason disclosed in the complaint or set up in the objections.'" *Id.* (quoting Ind. Code § 32-24-1-

8(a)). Notably, the property owner can only lodge objections; they cannot assert counterclaims. *See* Ind. Code § 32-24-1-8(c).

The state court condemnation proceeding is ongoing. The Abuzirs have lodged a number of objections in that proceeding, including that the Commission is acting beyond its authority, that the taking is for a private purpose and is motivated by ill will and political purposes, and that a road through the trust property is neither the most efficient nor most cost-effective means to provide access to Water Gardens.

**2. Federal Court Proceedings**

Unable to assert counterclaims in the condemnation proceeding, the Abuzirs filed this action against the City of Hammond, the Commission and its members, and Hammond Mayor Thomas McDermott (together, "the City"). The City removed the case to federal court. The Abuzirs claim a litany of federal violations relating to an alleged conspiracy. We need not recount all the ins and outs of the conspiracy here. It boils down to this: the City conspired with certain businessowners—who are supporters of Mayor McDermott and competitors of the Abuzirs in the fireworks industry—to abuse the eminent domain power and take the Abuzirs' property because they are not McDermott supporters.

Since this action's inception in 2021, the Abuzirs have repeatedly tried to plead claims relating to this alleged conspiracy. And the district court has repeatedly dismissed them. Relevant here, the district court first denied the Abuzirs leave to add claims for violations of substantive due process under the Fourteenth Amendment and for civil conspiracy under 42 U.S.C. § 1983. It found that the substantive due process claim was futile because the City had a legitimate government

interest in condemning the trust property: that is, building a road. And it found that, because the Abuzirs failed to plead any independent violation of rights separate from their ultimately unsuccessful equal protection claim, the conspiracy claim was likewise futile.

The court thereafter granted the City's motion to dismiss the remaining claims in the third amended complaint, including a § 1983 class-of-one equal protection claim. It reasoned that the complaint evinced a rational basis for the City's actions. Given the Abuzirs' repeated failure to state a claim, this time the court dismissed the complaint with prejudice. The Abuzirs appeal.

## II. Analysis

The Abuzirs challenge the district court's decisions dismissing their equal protection claim and denying them leave to add substantive due process and § 1983 conspiracy claims.[1] We address each in turn.

### A. Equal Protection

We review the district court's decision dismissing the Abuzirs' Fourteenth Amendment equal protection claim de novo. [2] *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 827 (7th Cir.

---

[1] The Abuzirs also state they are challenging the dismissal of their *Monell* claim, but they do not advance any developed arguments to that effect. Any such arguments are thus waived. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016).

[2] At the outset, we observe that this case was a prime candidate for abstention under the *Colorado River* doctrine. *See, e.g., Antosh v. Vill. of Mount Pleasant*, 99 F.4th 989, 996 (7th Cir. 2024) (finding *Colorado River* abstention appropriate in parallel federal litigation arising from an eminent

2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has 'facial plausibility' when the allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

For their equal protection claim, the Abuzirs rely on the so-called "class-of-one" theory. Under this theory, on some rare occasions, a plaintiff who is not a member of a protected class may nevertheless succeed on an equal protection claim. *See 145 Fisk, LLC v. Nicklas*, 986 F.3d 759, 771 (7th Cir. 2021). "To state a claim under this theory, a plaintiff must allege '(1) that [they] ha[ve] been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment.'" *Id.* (quoting *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014)).

The district court concluded that the Abuzirs failed to state a claim under either prong. As to the first, the Abuzirs challenge the court's assessment that they failed to identify any specific similarly situated comparators in their complaint. True, we have "repeatedly confirmed that '[p]laintiffs alleging class-of-one equal protection claims do not need to identify specific examples of similarly situated persons in their complaints.'" *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th

---

domain taking). The issues raised in the Abuzirs' federal complaint largely mirror the objections they lodged in the state condemnation proceeding. Accordingly, the state court's disposition of those objections may well dispose of the federal claims. Nevertheless, given that the district court disposed of the claims on the merits at the pleadings stage, and given that we can likewise easily dispose of the issues on the merits here, we find the interests of justice do not favor our abstaining at this juncture.

Cir. 2015) (quoting *Capra v. Cook Cnty. Bd. of Review*, 733 F.3d 705, 717 (7th Cir. 2013)). But the court did not stop there. It went on to provide an independent, sufficient reason for dismissing the claim: there was a rational basis for the City's conduct.

We agree. On its face, the Abuzirs' complaint reveals the requisite rational basis: building a road to connect a neighborhood to a major roadway. The complaint alleges that the City asserted that the taking is for a road to reconnect Water Gardens and Indianapolis Boulevard, the Commission's members voted to approve the taking at a public meeting, and a witness for the Commission testified that they selected the trust property because of its location. We are not "hypothesizing" this rational basis for the City's actions—the Abuzirs supplied it themselves. In doing so, they "have pleaded themselves out of court." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

Resisting this conclusion, the Abuzirs argue we cannot ignore their well-pleaded allegations of animus and improper motive. Specifically, pointing to the allegations that the City is punishing political rivals and does not intend to actually build a road, they argue that they have undercut any conceivable rational basis for the City's conduct.

Our recent decisions foreclose this argument. When evaluating the second prong of a class-of-one claim, we ask only "whether 'a *conceivable* rational basis for the difference in treatment' exists." *145 Fisk*, 986 F.3d at 771 (quoting *D.B.*, 725 F.3d at 686). "It is only when courts can hypothesize *no rational basis* for the action that allegations of animus come into play." *Id.* (emphasis added) (quoting *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008)).

The complaint reveals such a rational basis: the City is tak-
ing the trust property to build a road. True or not, we may
look no further. After all: "We just need to identify a conceiv-
able rational basis for the different treatment; it does not need
to be the actual basis for defendant's actions." *Chicago Studio
Rental, Inc. v. Ill. Dep't of Comm.*, 940 F.3d 971, 980 (7th Cir.
2019). The Abuzirs fail to state a class-of-one claim.

**B. Substantive Due Process**

The Abuzirs next take aim at the district court's decision
denying them leave to amend, which we review for abuse of
discretion. *Nowlin v. Pritzker*, 34 F.4th 629, 635 (7th Cir. 2022).
But where, as here, "the basis for denial is futility," we review
de novo the legal basis for the futility, "apply[ing] the legal
sufficiency standard of Rule 12(b)(6) to determine whether the
proposed amended complaint fails to state a claim." *Id.* (quo-
tation marks omitted).

We first consider the Abuzirs' proposed substantive due
process claim. We need not wade into the parties' debate as to
whether, and under what circumstances, a plaintiff may bring
a substantive due process claim arising from a taking in this
Circuit. *See Doherty v. City of Chicago*, 75 F.3d 318, 325 (7th Cir.
1996) (recognizing "the potential for a substantive due pro-
cess claim in the context of land-use decisions that are arbi-
trary and unreasonable, bearing no substantial relationship to
the public health, safety, or welfare"). Even assuming we rec-
ognize such a claim, the Abuzirs fail to state one here.

In general, to state a substantive due process claim, a
plaintiff must allege a deprivation of a "protected life, liberty
or property interest." *Zorzi v. Cnty. of Putnam*, 30 F.3d 885, 894
(7th Cir. 1994). "Unless a governmental practice encroaches

on a fundamental right, substantive due process requires only that the practice be rationally related to a legitimate governmental interest, or alternatively phrased, that the practice be neither arbitrary nor irrational." *Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1000 (7th Cir. 2008). Given that "[t]his rational-basis variant of substantive due process differs little, if at all, from the most deferential form of equal protection review," *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 576 (7th Cir. 2014), the Abuzirs can proceed on a substantive due process claim here only if they can allege that the City "violated a fundamental right or liberty," *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 599 (7th Cir. 2022) (quoting *Campos v. Cook Cnty.*, 932 F.3d 972, 975 (7th Cir. 2019)).

They fail to do so. In fact, as counsel conceded at oral argument, they do not point to any life, liberty, or property interest at all. The most obvious choice would perhaps be their interest in the trust property. But recall, the condemnation proceeding is still ongoing in state court. As of yet, the City has not taken the property. Indeed, should the state court rule in the Abuzirs' favor, then there will *never* be a taking, and thus no deprivation. The "absence of any claim by the [Abuzirs] that an interest in liberty or property has been impaired is a fatal defect in [their] substantive due process argument." *Zorzi*, 30 F.3d at 894.

That the Abuzirs' rights may yet be vindicated in state court provides another reason their substantive due process claim is futile. We have repeatedly emphasized that "regardless of how a plaintiff labels an objectionable land-use decision (i.e., as a taking or as a deprivation without substantive or procedural due process), recourse must be made to state rather than federal court." *145 Fisk*, 986 F.3d at 770 (quoting

*CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, 769 F.3d 485, 489 (7th Cir. 2014)). The Abuzirs have an adequate opportunity to litigate near-identical allegations as objections in the condemnation proceeding and cannot transform them into a substantive due process claim here.

The Abuzirs' proposed substantive due process claim is futile. The district court did not abuse its discretion in denying leave to add that claim.

## C. Civil Conspiracy

Finally, the Abuzirs challenge the district court's refusal to grant them leave to add a § 1983 conspiracy claim. Yet, to state such a claim, "a plaintiff must allege first that the defendant has deprived the plaintiff of a right secured by the Constitution and laws of the United States." *Starnes v. Cap. Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994). For the reasons discussed above, the Abuzirs have failed to state any claim that the City violated their constitutional rights. Accordingly, adding a § 1983 conspiracy claim would have been futile, and so the district court did not abuse its discretion in denying that request.

## III. Conclusion

The Abuzirs have raised these allegations before the state court as objections in the ongoing condemnation proceeding. In the meantime, they may not relitigate those objections, even thinly disguised as federal claims. The judgment of the district court is AFFIRMED.