# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-1826

MICHAEL JOSEPH,

*Plaintiff-Appellant,*

*v.*

BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04-C-740-S—**John C. Shabaz**, *Judge.*

———————

ARGUED DECEMBER 9, 2005—DECIDED DECEMBER 27, 2005

———————

Before FLAUM, *Chief Judge*, and RIPPLE and WILLIAMS, *Circuit Judges*.

FLAUM, *Chief Judge*. Plaintiff Michael Joseph attended college at the University of Wisconsin ("University"). He has completed his studies, but still owes the University over $18,000 in tuition. He alleges that the University violated his constitutional rights by charging him out-of-state tuition while he was a student. He also claims that the tuition reciprocity agreement between Wisconsin state colleges and Minnesota state colleges is unconstitutional.

The defendant, the Board of Regents of the University of Wisconsin System, claims that the suit is barred by the Eleventh Amendment, or, in the alternative, that it is without merit. The defendant has also moved to sanction the plaintiff's attorney for filing a frivolous appeal.

The district court ruled that Joseph's suit was barred by the Eleventh Amendment. For the following reasons, we now affirm the district court's judgment and deny the defendant's request for sanctions.

## I. Background

Michael Joseph attended high school in Colorado. He attended the University of Wisconsin for five semesters. He was charged the nonresident tuition rate of $9,000 per semester. Joseph has paid $27,000 to the University, but still owes approximately $18,500 in back tuition.

During the period when Joseph attended the University, the tuition for Wisconsin residents was approximately $2,500 per semester. Tuition for Minnesota residents, because of a reciprocity agreement between the two states' university systems, was only slightly higher.

Tuition rates for the University are set by the Board of Regents of the University of Wisconsin System ("the Board"). The Board is composed of seventeen members. Fifteen of those members are appointed by the governor of Wisconsin with the advice and consent of the state senate. The Board has the primary responsibility of governing the state university system, consistent with the mandates of Wisconsin statutes. The Wisconsin State Treasurer is the Board's treasurer, and the Board must submit its biennial budget to the State of Wisconsin Department of Administration to be incorporated into the state's budget. This budget is subject to legislative control during the state budget

process, and the Department of Administration oversees the University's financial affairs throughout the year.

Joseph sued the Board under 42 U.S.C. § 1983 ("§ 1983"), claiming that the University's tuition policy is unconstitutional. Specifically, Joseph claims that the tuition policy violates the Equal Protection Clause and Article I, Section 10 of the Constitution. The Board moved to dismiss the complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. The district court granted the motion, ruling that the Eleventh Amendment barred the suit. Joseph now appeals.

The Board claims that it is immune from this suit under the Eleventh Amendment. The Board argues in the alternative that Joseph does not have standing to bring suit, and that the constitutional claims are without merit. The Board has also moved for sanctions against attorney Joseph,[1] under Federal Rule of Appellate Procedure 38, for filing a frivolous appeal.

## II. Discussion

### A. Eleventh Amendment

We find that the district court properly dismissed Joseph's complaint because it is barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. The Supreme Court has held that state agencies, as "arms of the state," *Kroll v. Bd. of Trustees of*

---

[1] The plaintiff in this case is represented by his father, Joel Joseph.

*Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991), and state officials in their official capacities are also immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Additionally, the Court has ruled that states and their departments are not "persons" within the meaning of § 1983. *Id.* at 66, 71.

The Board is an "arm of the state" for Eleventh Amendment purposes. *Romco Ltd. v. Outdoor Aluminum, Inc.*, 725 F. Supp. 1033 (W.D. Wis. 1989) (applying the factors in *Kashani v. Purdue*, 813 F.2d 843 (7th Cir. 1987), to determine if the Board is an "arm of the state" for Eleventh Amendment purposes, and holding that it is); *see also EEOC. v. Bd. of Regents of the Univ. of Wis. Sys.*, 288 F.3d 296, 299 (7th Cir. 2002) ("If this case was to be prosecuted in federal court, the EEOC had to do it. The individual charging parties were barred by the Eleventh Amendment from suing the state (and therefore the Board of Regents of the state university system).").

Joseph argues that Congress abrogated the Board's immunity when passing § 1983. He cites three cases in support of his argument, none of which are convincing. The first, *Vlandis v. Kline*, 412 U.S. 441 (1973), was a § 1983 suit involving a public university. That case does not, however, "definitively rule[ ] that students have the right under § 1983 to sue a state university," as Joseph claims. The plaintiffs in that case sued the director of admissions as an individual, and therefore the Eleventh Amendment was not implicated. Joseph misplaces his reliance on *Gratz v. Bollinger*, 539 U.S. 244 (2003), as well. The plaintiffs in that case sued under a law in which Congress has specifically abrogated the states' Eleventh Amendment rights. *Gratz*, 539 U.S. at 259 n.10; 42 U.S.C. § 2000d-7(a)(1). The Supreme Court has expressly held that Congress has not abrogated the states' immunity in § 1983 suits. *Quern v. Jordan*, 440 U.S. 332, 341-45 (1979). Finally, Joseph relies on *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), to

support his position. The Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments. *Will*, 491 U.S. at 70 ("[W]e consequently limited our holding in *Monell* to local government units which are not considered part of the state for Eleventh Amendment purposes." (internal quotation marks omitted) (citing *Monell*, 436 U.S. at 690, n.54)).

Because the Board is an "arm of the state" and Congress has not abrogated its immunity in § 1983 actions, this suit is barred by the Eleventh Amendment.

*B. Sanctions request*

Although we recognize that the Board's request for sanctions is not without basis, in the exercise of our discretion, we decline to grant it.

## III.  Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED and the request for sanctions is DENIED.

A true Copy:

     Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*