In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-2590

EVA L. LEAVELL, individually and as
Administratrix and heir of the
Estate of DANIEL LEAVELL, deceased,

*Plaintiff-Appellant,*

*v.*

ILLINOIS DEPARTMENT OF NATURAL
RESOURCES, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:08-cv-00332-GPM-DGW—**G. Patrick Murphy,** *Judge.*

ARGUED JANUARY 22, 2010—DECIDED APRIL 6, 2010

Before RIPPLE and ROVNER, *Circuit Judges*, and ST. EVE,
*District Judge.**

RIPPLE, *Circuit Judge.* Eva Lovene Leavell, individually
and as the administratrix of the estate of her deceased

---

* The Honorable Amy J. St. Eve, District Judge for the Northern
District of Illinois, is sitting by designation.

husband, Daniel Leavell, instituted this action against
the Illinois Department of Resources ("Department") and
several oil companies. Ms. Leavell asserted, among
other issues, a procedural due process claim and sought
injunctive relief to prevent the Department and its
officers from plugging oil wells owned by various mem-
bers of the Leavell family and from transferring control
over wells to the defendant oil companies. The Depart-
ment, its separately named officers and the company
defendants moved to dismiss the various counts on a
variety of grounds, including that some of the counts
failed to state a claim upon which relief could be
granted. On April 7, 2009, the district court granted the
motions and dismissed all of the counts. Ms. Leavell's
subsequent motion for reconsideration also was denied.
Ms. Leavell now appeals the dismissal of her due
process claim set forth in Count VIII of the amended
complaint. For the reasons set forth in the following
opinion, we affirm the judgment of the district court.

# I

# BACKGROUND

## A. Facts[1]

Members of the Leavell family were owners or lessees
of hundreds of oil wells in counties across southern

---

[1] Ms. Leavell and the Department have a long and litigious
history. However, because the present appeal is limited in
scope, we recount only those facts that are pertinent to, or
will aid in the understanding of, the issue presently before us.

Illinois. Ms. Leavell and her now-deceased husband, Daniel, apparently were the primary owners or lessees of the wells. Their son, Stanley Leavell, operated the wells. Ms. Leavell was the primary permit holder for many of the wells.

At some point in the year 2000, the Department, specifically its Office of Mines and Minerals, sought to revoke the permits that it had granted to Ms. Leavell and also sought to plug many of her wells because it believed that those wells had been abandoned. On January 24, 2000, the Department notified Ms. Leavell by certified mail that the Department intended to hold a hearing on February 10, 2000, to determine whether certain wells had been abandoned and, thus, whether they should be plugged (Proceeding #AW-00-037). The letter was sent to Ms. Leavell's address, which was on record with the State; a certified mail receipt was returned to the Department confirming that the letter had been delivered. On February 10, 2000, Ms. Leavell did not appear for the hearing ("the 2000 hearing"). Proceeding in her absence, the Department determined that the wells at issue were abandoned and also determined that the wells should be plugged.

In January 2001, the Department identified approximately 100 additional wells that it deemed abandoned and sought to have plugged. The Department attempted to notify Ms. Leavell of a hearing by certified mail, but the notice was returned; consequently, the Department sent notice by regular mail. On February 14, 2001, the Department held the hearing ("the 2001 hearing") con-

cerning the additional 100 wells (Proceeding #AW-01-030). Again, Ms. Leavell did not appear, and again, after receiving evidence, the Department determined that the wells had been abandoned and directed that the wells be plugged. On April 16, 2001, Ms. Leavell received notice of this determination.

On April 26, 2001, Ms. Leavell filed suit in Illinois circuit court (Case No. 01-MR-4) seeking a declaration that the Department's administrative decision following the 2001 hearing violated state and federal law because the Department had failed to provide notice of the hearing. The circuit court granted the Department's motion to dismiss for improper service of process. However, the Illinois appellate court reversed and remanded. The appellate court ruled that the circuit court should have reached the merits of Ms. Leavell's claim that the Department's notice of the hearing was insufficient. *See In re Abandonment of Wells Located in Illinois by Eva Lovene Leavell*, 796 N.E.2d 623, 627-28 (Ill. App. Ct. 2003).

Over the next several years, the Department continued to evaluate and adjudicate whether other Leavell mines had been abandoned, whether they should be plugged, and whether the permits to those mines should be transferred to other individuals or firms. These hearings spawned new allegations of lack of statutory notice that resulted in additional suits being brought by Ms. Leavell in Illinois state court. In these actions, the circuit courts ruled in the Department's favor; the actions were consolidated for appeal; and the judgments of the circuit courts were affirmed by the Appellate Court of

Illinois. *See Leavell v. Dep't of Natural Res.*, No. 5-08-0298, 2010 WL 609083 (Ill. App. Ct. Jan. 19, 2010).

On February 26, 2008, the Department held another hearing concerning one well, for which *Daniel* held the permit (Proceeding #AW-08-009). The Department sent a certified letter to Daniel notifying him about the hearing. However, by this time, Daniel had died. According to the complaint, no representative of Daniel or his estate received notice of the hearing, these parties did not appear and the hearing proceeded in absentia (the "2008 hearing"). After the hearing, the Department determined that the well at issue had been abandoned and ordered that it be plugged. Ms. Leavell, as administratrix of the estate of Daniel Leavell, did not challenge this ruling through any subsequent state administrative or judicial proceeding.

## B. District Court Proceedings

On May 6, 2008, Ms. Leavell[2] initiated the present action in the district court. On September 3, 2008, she filed an amended complaint that alleged, among other issues, that the Department violated *Daniel's* due process rights

---

[2] The complaint was filed by Ms. Leavell, individually and as the administratrix and heir of the estate of Daniel Leavell, and by her son, Stanley. However, the count at issue on appeal concerns only the due process rights of Daniel Leavell and his estate. Consequently, we limit our discussion to Ms. Leavell as administratrix of the estate of her deceased husband.

by failing to provide him with sufficient notice of the 2008 hearing.

The Department moved to dismiss. Specifically, it contended that Count VIII failed to state a claim upon which relief may be granted. *See* R.39 at 12. The Department argued that Ms. Leavell's allegations focused on the failure of Department employees to provide proper notice before the 2008 hearing. The Department acknowledged that,

> [a]lthough a State usually must provide a hearing before it deprives a person of property, it does not have to do so where providing a predeprivation hearing is impossible. *Zinermon v. Burch,* 494 U.S. 113, 128 (1990). Where the deprivation is the result of a state actor's random and unauthorized conduct, a postdeprivation remedy is the only remedy a State can be expected to provide because the loss is not the result of an established state procedure, and therefore the State cannot predict precisely when the loss will occur. *Id.,* 128-9. When a procedural due process claim is based on the random and unauthorized conduct of a state actor and state law remedies are available, a plaintiff must either avail himself of the state law remedy or show that the available remedy is inadequate. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th [Cir.] 1996).

R.39 at 11.[3] Thus, because Ms. Leavell had failed to allege that state post-deprivation remedies were inadequate, her due process claim with respect to the 2008 hearing failed to state a claim upon which relief could be granted.

Ms. Leavell opposed the motions to dismiss. With respect to all of the due process claims, Ms. Leavell argued that 42 U.S.C. § 1983 and case law interpreting that section had no bearing on her claims. She explained that those counts "only seek[] declaratory and injunctive relief," they do "not ask for a dime in money damages, and do [] not even try to plead a 1983 claim. Thus, Defendant's arguments concerning 1983 law is irrelevant, as it is simply not applicable" to these counts. R.42 at 8.

After conducting a hearing, the district court dismissed all counts. With respect to Count VIII, the district court dismissed it with prejudice on the basis of issue preclusion. The district court apparently believed that Count VIII sought relief for lack of notice for the hearings on the wells for which Ms. Leavell was the permittee, as opposed to the well for which *Daniel* held the permit. Thus, the district court concluded that the notice issue raised in Count VIII had been litigated in the prior state court actions.

---

[3] The Department acknowledged that, in the Amended Complaint, Ms. Leavell also characterized Count VIII as a challenge "'to the fundamental fairness of state procedures,'" but, the Department noted, Ms. Leavell did "not state why the procedures are invalid or even allege that they are invalid." R.39 at 12.

Ms. Leavell filed a Rule 59 motion to reconsider. She pointed out that several of the state-court actions in which she personally had alleged lack of notice were on appeal to the Illinois Court of Appeals and therefore were not final judgments for purposes of issue preclusion. Additionally, she explained that Count VIII involved a challenge to the notice for the 2008 hearing, which should have been provided to Daniel (or, after his death, to his estate), and neither he, nor his estate, were parties to the earlier actions. Consequently, the estate could not be bound by the earlier state-court determinations. *See* R.51 at 3.

The Department opposed the motion to reconsider. It agreed that "issue preclusion does not result from the decisions presently on appeal in the state court because they are not final judgments." R.52 at 2. Nevertheless, the Department urged the district court to deny the motion with respect to Count VIII on two grounds. First, the Department argued that the administrative decision following the 2008 hearing had preclusive effect because "[t]he doctrine of issue preclusion applies to unreviewed state administrative decisions," and Ms. Leavell never sought review of that decision. *Id.* at 4. Second, the Department reiterated its argument that Count VIII should be dismissed for failure to state a claim:

> Count VIII . . . do[es] not contain colorable objections to the validity of State procedures and therefore do[es] not allege procedural due process violations. Instead, Count[] VIII . . . [is] based on individual state actors' alleged failure to comply

> with the IDNR regulation that requires notice
> prior to abandonment hearings. In other words,
> plaintiffs do not allege that IDNR's procedure
> for providing notice is invalid, they allege that
> individual state employees failed to comply with
> the procedure for providing notice. In such cases,
> procedural due process claims are considered the
> result of random and unauthorized conduct
> of state actors, not the invalidity of a state law.

*Id.* at 7-8 (internal citations omitted).

The district court denied the motion to reconsider. It faulted Ms. Leavell for raising new arguments and suggested that she should have opposed the application of issue preclusion before judgment was entered. *See* R.54 at 4. The court stated:

> The matter of whether state-court judgments are
> issue-preclusive as to Count 8 of the complaint
> in this case was raised squarely before the entry
> of the Court's judgment as to that claim, and there
> is no reason why the evidence and argument
> concerning pending appeals as to the state-court
> judgments contained in Mrs. Leavell's Rule 59(e)
> motion could not have been submitted to the
> Court before the entry of judgment in this case.

*Id.* The court concluded similarly with respect to the second point raised by Ms. Leavell:

> Prior to the entry of judgment as to Count 8, it was
> conceded that Daniel Leavell is not the permit
> holder of the wells that were subject of the admin-

istrative proceedings challenged in Count 8 . . . .
The Court certainly is not inclined to entertain
for the first time post-judgment the argument . . .
that in fact Daniel Leavell is the permit holder
for the wells at issue in Count 8.

*Id.* at 5.

Ms. Leavell timely appealed.

## II

## DISCUSSION

Much of Ms. Leavell's brief on this appeal is devoted
to addressing the district court's determination that,
because of prior state-court actions, she is precluded
from pursuing the due process claim set forth in Count
VIII. In its response, the Department urges us to affirm
the district court's judgment on two grounds. First, it
maintains that the district court did not abuse its discre-
tion in denying Ms. Leavell's Rule 59 motion because
she had failed to make the arguments contained in that
motion prior to the court's entering judgment. Second, it
argues that the district court's judgment should be af-
firmed on the alternative ground that Count VIII fails
to state a claim for which relief can be granted.[4]

---

[4] In addition to urging that we affirm the judgment of the
district court dismissing with prejudice Count VIII, the Depart-
ment asked us to convert the district court's dismissal of Counts
I and III from a dismissal without prejudice into a dismissal

(continued...)

Ms. Leavell's reply brief does not refute directly the Department's due process arguments. She argues, instead, that it would be inappropriate for us to address the adequacy of her pleading because the district court did not reach the issue. She also states that, "assuming arguendo that adequate state law procedures existed, that does not mandate a dismissal with prejudice, as Daniel Leavell can still file his action in Illinois state court. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)." Reply Br. 3.

At oral argument, the parties made additional concessions that further narrow the issues that we must address. For its part, the Department stated that collateral estoppel should not be invoked as a ground on which to affirm the district court. Instead, the Department simply maintained that the judgment should be affirmed on the ground that Count VIII fails to state a due process claim. For her part, Ms. Leavell, through counsel, conceded that there were "no systemic impediments" in Illinois's procedures for terminating a permittee's rights. Additionally, she conceded that, as a general proposition, if there is an adequate post-deprivation procedure to challenge lack of notice for a hearing, then there is no due process violation. She contended, however, that, in these circum-

---

[4] (...continued)

with prejudice. Absent a cross-appeal, the appellee may not seek to enlarge his own rights or "lessen[] the rights of his adversary." *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) (internal quotation marks and citations omitted). Consequently, we decline the Department's request.

stances, the proper course of action is to dismiss the claim *without prejudice* so that she either can re-plead her claim in federal court or can pursue her state remedies. With these narrowed arguments in mind, we turn to the issue whether Count VIII states a due process claim, and, if not, whether we may affirm the district court's dismissal of that claim with prejudice.

**A.**

"A procedural due process claim requires a two-fold analysis. First, we must determine whether the plaintiff was deprived of a protected interest; second, we must determine what process is due." *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004). "[I]n evaluating what process satisfies the Due Process Clause," one of our sister circuits has explained, "'the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'" *Rivera-Powell v. New York City Bd. Of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)); *see also Strasburger v. Bd. of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir. 1998) ("To show a failure of due process, a plaintiff might show that state procedures as written do not supply basic due process or that state officials acted in a[] 'random and unauthorized' fashion in depriving the plaintiff of his protected interest." (quoting *Parratt v. Taylor*, 451 U.S. 527, 540

(1981)). If the plaintiff alleges that "the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Rivera-Powell*, 470 F.3d at 465. "Under those circumstances, 'the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process.' " *Id.* (quoting *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880).

By contrast, "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." *Id.* Thus, we have stated that, for a plaintiff alleging a procedural due process claim based on "random and unauthorized" conduct of a state actor, the plaintiff must either avail herself of state post-deprivation remedies "or demonstrate that the available remedies are inadequate." *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327, 339-40 (1986)). If the plaintiff has not availed herself of state remedies, she cannot " 'state a valid procedural due process objection . . . if [she] does not include a challenge to the fundamental fairness of the state procedures.' " *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Doherty*, 75 F.3d at 323).

In the present case, the allegations of Count VIII of Ms. Leavell's complaint make it clear that her claim is one based on "random and unauthorized" conduct. That count alleges:

5. That the Illinois Department of Natural Re-
sources ("DNR") held an administrative hearing,
numbered AW-08-009, which held that certain oil
wells located in the Southern District of Illinois,
and owned by Plaintiff Daniel were abandoned.

6. That Illinois law expressly requires that before
such an administrative hearing, such as in AW-08-
009, takes place, that either (a) personal service,
or, (b) certified mail service take place.

7. That Plaintiff Daniel was deceased, and there-
fore, was not personally served, and did not sign
for any certified mail notice for AW-08-009.

8. That Administratix [sic], and heir, Eva Lovene
Leavell, was not personally served, and did not
sign for, or receive, any certified mail notice
for AW-08-009.

R.34 at 16. In sum, Ms. Leavell claims that, by law, she or
Daniel should have been given notice of the hearing;
however, the Department failed to give her the required
notice and, in doing so, deprived her of due process.
Ms. Leavell does not allege any specific shortcomings
in the notice provisions that resulted in a due process
violation. It is simply the Department employees' failure
to implement the existing procedures with respect to
the 2008 hearing that gives rise to her claim.

Ms. Leavell's claim here is similar to that made by
owners of a retirement home in *Beechwood Restorative Care
Center v. Leeds*, 436 F.3d 147 (2d Cir. 2006). In that case, the
owners claimed that their due process rights had been

violated when the state revoked their "establishment approval," which "gives the medical facility the right to exist," without the required notice and opportunity for hearing. *Id.* at 151 (internal quotation marks and citations omitted). The Second Circuit held that, assuming that state law required notice and hearing prior to the revocation, "[t]he claim in this case is that [the Department of Health] failed to afford the opportunity for a hearing guaranteed by section 2801-a(10)(b)(i)—a failure that would be an instance of a 'random unauthorized act.'" *Id.* at 156.

Indeed, Ms. Leavell never has denied that the failure to provide her notice for the 2008 hearing was random and unauthorized. Furthermore, Ms. Leavell has not set forth any facts that would lead one to conclude that the failure to provide notice was "predictable" or authorized by the State. *See Easter House v. Felder*, 910 F.2d 1387, 1400 (7th Cir. 1990). Ms. Leavell has not alleged that the State can predict when an employee, either because of negligence or intentional conduct, will fail to give notice of a pending hearing. *See Zinermon v. Burch*, 494 U.S. 113, 136 (1990) (distinguishing cases that involve random and unauthorized conduct from cases in which the state can foresee or predict when a constitutional deprivation may occur). Additionally, Ms. Leavell does not suggest that the State should implement supplemental procedural safeguards to ensure adequate notice. *See id.* at 137 (considering whether additional processes may be employed to prevent constitutional deprivations from occurring). Finally, she does not maintain that the State of Illinois bestowed any type of discretion on Department employees such that one could consider an employee's decision

to ignore established procedure "authorized" by the State. *See id.* at 137-38 (distinguishing unauthorized conduct by a state employee from the situation in which "[t]he State delegated to [the employee] the power and authority to effect the very deprivation complained of").

In sum, because Ms. Leavell simply alleges that the State had in place a procedure to provide notice and that the procedure was not followed with respect to the February 2008 hearing, she is complaining of a "random and unauthorized" action by a state employee. Consequently, she must allege the inadequacy or unfairness of post-deprivation procedures in order to state a due process violation.

In this case, Ms. Leavell has not argued that state post-deprivation remedies fail to satisfy due process. Indeed, she has conceded, both at oral argument and in her reply brief, that there are state remedies available to redress the lack of notice. *See* Reply Br. 4 ("Plaintiff can file h[er] voidness for lack of notice challenge in Illinois state court, at any time, not just within 35 days as suggested by Defendant."); *In re Abandonment of Wells Located in Illinois by Eva Lovene Leavell*, 796 N.E.2d 623, 626 (Ill. App. Ct. 2003) ("L & L's allegation that the Department lacked authority to enter an order in the absence of the required notice is a proper issue that can be raised at any time, either directly or through a collateral attack."); *see also* 225 ILCS 725/10 (providing that "[a]ll final administrative decisions of the Department made on or after the effective date of this amendatory Act of 1988 are subject to judicial review under the Administrative Review Law as now or hereafter amended"). "[A] state

cannot be held to have violated due process require-
ments when it has made procedural protection available
and the plaintiff has simply refused to avail himself of
them." *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982).
Ms. Leavell's failure to avail herself of available state
remedies is, therefore, fatal to her federal due process
claim.

**B.**

It is clear that Ms. Leavell's claim fails as a matter of
law and must be dismissed. The only remaining question
is whether that dismissal should be with or without
prejudice. As stated previously, Ms. Leavell admitted
that dismissal is appropriate, but maintained that any
dismissal should be without prejudice. Ms. Leavell
argued that her "case can be dismissed as premature, at
least if the opposing party has not been harmed by
the premature filing of the suit, and hence without preju-
dice." Reply Br. 3-4. In support, she cited to *Walker
v. Thompson*, 288 F.3d 1005 (7th Cir. 2002), and *Mitchell
v. Chapman*, 343 F.3d 811 (6th Cir. 2003). We do not
believe these cases support Ms. Leavell's contention
that the present action should be dismissed without
prejudice.

In *Walker*, a district court had dismissed with prejudice
a First Amendment retaliation claim brought by a pris-
oner. The basis for the district court's dismissal was that
the plaintiff had failed to exhaust his administrative
remedies, as required by 42 U.S.C. § 1997e, and that he
had failed to state a claim. We noted that

> [t]he difference in grounds is potentially conse-
> quential. Dismissal for failure to exhaust is without
> prejudice and so does not bar the reinstatement of
> the suit unless it is too late to exhaust . . . as other-
> wise a prisoner could evade the exhaustion re-
> quirement by filing no administrative grievance
> or by intentionally filing an untimely one. In
> contrast, dismissal of a suit for failure to state a
> claim is always with prejudice and so always
> precludes reinstatement.

*Walker*, 288 F.3d at 1009 (internal quotation marks and citations omitted). Similarly, in *Mitchell*, the Sixth Circuit addressed the issue whether a plaintiff's Rehabilitation Act claim should be dismissed with prejudice because he failed to meet with an equal employment opportunity counselor within 45 days of the discriminatory event, as required by regulation. The court noted that this meeting was a condition precedent to bringing suit; however, it also noted that "there are certain condition precedents where, although the party may not have fulfilled the condition prior to filing suit in the district court, he or she may return to the administrative process, fulfill the condition, and re-file the civil action." *Mitchell*, 343 F.3d at 820. "Therefore, a dismissal for failing to meet a condition precedent is a decision on the merits only if the aggrieved party is permanently fore-closed from fulfilling the condition." *Id.* at 821.[5]

---

[5] The other cases cited by Ms. Leavell also concern a plaintiff's failure to fulfill an administrative condition precedent to filing

(continued...)

In the context of a due process claim, however, failing to avail oneself of adequate state court remedies is not akin to failing to meet a condition precedent; it is a substantive failure that defeats the cause of action. The Supreme Court has explained that "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon*, 494 U.S. at 126. We have explained that this "availability of recourse to a constitutionally sufficient . . . procedure" does "not amount to a requirement of exhaustion of administrative remedies as a predicate to a section 1983 claim." *Dusanek*, 677 F.2d at 542-43 (internal citations omitted). Rather, "a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them. Because the procedural protections existed, the state cannot be accused of withholding them in a section 1983 suit." *Id.* In short, "if a procedural due process claim lacks a colorable objection to the validity of the State's procedures, no constitutional violation has been alleged." *Daniels v.*

---

[5] (...continued) suit. *See Boos v. Runyon*, 201 F.3d 178, 183-84 (2d Cir. 2000) (failure to wait for final administrative action and failure to speak to EEO counselor within 45 days); *Criales v. Am. Airlines, Inc.*, 105 F.3d 93, 95 (2d Cir. 1997) (failure to obtain right-to-sue letter before filing suit); *Wrighten v. Metro. Hosp., Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984) (same); *Henderson v. E. Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972) (same).

*Williams*, 474 U.S. 327, 340 (1986) (Stevens, J., concurring) (footnote omitted).

At issue, therefore, is not a condition precedent, but a substantive element of the due process claim. The failure to allege that necessary element warrants dismissal under Rule 12(b)(6). The general rule is that a dismissal for failure to state a claim is an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—is an adjudication on the merits."); *see also Walker*, 288 F.3d at 1009 ("[D]ismissal of a suit for failure to state a claim is always with prejudice."). Ms. Leavell has not suggested any way that she might amend her pleading to cure the deficiency. Nor has she explained how the Department, who has been put to the expense of defending this claim, would not be prejudiced by allowing her an opportunity to re-plead her federal claim. *Cf. Airborne Beepers & Video, Inc. v. A T & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (observing that Rule 15 provides that pleadings may be amended with leave of court and that leave should be freely given when "justice so requires," but noting that "[r]easons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of al-lowance of the amendment, futility of amendment" (internal quotation marks and citations omitted)). Thus,

we believe that Count VIII of Ms. Leavell's complaint should be dismissed with prejudice.[6]

## Conclusion

Because Count VIII of Ms. Leavell's amended complaint fails to state a claim on which relief can be granted, we affirm the district court's judgment dismissing this count with prejudice.

AFFIRMED

---

[6] In our discussion, we have proceeded on the assumption that Count VIII alleges—or attempts to allege—a due process violation against the named employees of the Department, as opposed to the Department itself. However, to the extent that Ms. Leavell is alleging a due process violation against the Department itself, that claim must fail on two separate grounds:

> The Supreme Court has held that state agencies, as "arms of the state," *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991), and state officials in their official capacities are also immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Additionally, the Court has ruled that states and their departments are not "persons" within the meaning of § 1983. *Id.* at 66, 71.

*Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005).