NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 13, 2011[*]
Decided October 21, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1315

| | |
|---|---|
| FRANK E. STORK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 11 CV 00004 |
| NICHOLAS McKINLEY, et al., | |
| *Defendants-Appellees.* | Robert L. Miller, Jr., |
| | *Judge.* |

**O R D E R**

Frank Stork filed suit under 42 U.S.C. § 1983 claiming that Nicholas McKinley, a police officer in South Bend, Indiana, and Michael Dvorak, a state prosecutor handling a criminal case against Stork, violated his rights under the Fourth and Fourteenth Amendments by seizing the money in his wallet when McKinley arrested him. The district

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

court screened the complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1). Stork appeals, and at this stage we accept as true the allegations in his complaint. *See Tamyo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

While booking Stork into the county jail for an unspecified crime, Officer McKinley removed $2,907 from Stork's wallet. McKinley allegedly said that he would be keeping the money to punish Stork for lying to the officer before the arrest. Stork's wallet remained at the jail with his other personal property, but the cash did not; Stork alleges that McKinley stole it, though he also asserts that prosecutor Dvorak "placed it into evidence." Stork claims that McKinley violated the Fourth Amendment by seizing the money, and that Dvorak has deprived him of due process by not giving it back. Stork needed the money, he says, to post bail.

In dismissing Stork's complaint prior to service, the district court concluded that none of his allegations amounted to a constitutional violation. The court reasoned that Officer McKinley seized the money during an inventory search, which is permitted under the Fourth Amendment. The court also noted that Dvorak, as a prosecutor, is protected by absolute immunity. On appeal Stork has abandoned his claim against Dvorak.

Stork first challenges the district court's conclusion that the seizure of his money did not violate the Fourth Amendment. The court noted—correctly—that during booking procedures the police may search a prisoner and seize items in his possession without probable cause or a warrant. *See United States v. Edwards*, 415 U.S. 800, 807 (1974); *Stanley v. Henson*, 337 F.3d 961, 963 (7th Cir. 2003). On appeal Stork asserts that, to satisfy the Fourth Amendment, jailhouse inventory searches must be conducted according to standardized procedures. *See Illinois v. Lafayette*, 462 U.S. 640, 645–46 (1983); *United States v. Cherry*, 436 F.3d 769, 774 n.2 (7th Cir. 2006). Even if Stork is correct, he does not allege that the initial seizure of the $2,907 violated the jail's intake procedures. Indeed, in his appellate brief he concedes that it is standard procedure to seize an incoming prisoner's money. Dismissal of the Fourth Amendment claim thus was correct, since Stork's complaint fails to state a claim. *See* 18 U.S.C. § 1915A(b)(1).

In his appellate brief, Stork explains that *after* the inventory search Officer McKinley deviated from the jail's procedures by not depositing the money in his prison account and not providing a receipt. If that is so, then Stork's claim concerns a deprivation of property, not its seizure. Yet a random and unauthorized deprivation of property cannot violate the owner's right to due process if state law provides an adequate postdeprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 538 (1981); *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 805 (7th Cir. 2010). We have held that prisoners in Indiana have an adequate remedy in the state's Tort Claims Act. *See* IND. CODE § 34-13-3-13; *Watkins v. Kasper*, 599 F.3d 791, 798 (7th

Cir. 2010); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). So Stork could not state a due process claim against McKinley.

AFFIRMED.