NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014[*]
Decided June 19, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1667

| | |
|---|---|
| RONALD J. GRASON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 14-3021 |
| STATE OF ILLINOIS INSPECTOR<br>GENERAL, et al.,<br>    *Defendants-Appellees*. | Richard Mills,<br>*Judge*. |

**O R D E R**

Doctor Ronald Grason appeals the dismissal of his civil-rights suit concerning his unresolved application to participate in Illinois's Medicaid program. We affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

Grason, an internist, applied to the Illinois Department of Healthcare and Family Services to serve as a healthcare provider in the Department's Medical Assistance Program, which implements Medicaid in the state. After more than a year passed without a decision, Grason sued various government officials, claiming that their inaction violated due process.

The district court screened the complaint under 28 U.S.C. § 1915(e)(2) and dismissed it without prejudice for failure to exhaust administrative remedies. The court concluded that the administrative application process had not run its course since Grason's healthcare-provider application remained pending.

Grason moved to reconsider, asserting that exhaustion is not required of non-prisoner plaintiffs. The court denied the motion, this time invoking the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). According to the court, abstention was warranted under *Younger* because Illinois's healthcare-provider application process was judicial in nature and the Medicaid program implicated important state interests in regulating medical professionals.

On appeal Grason challenges the district court's rationale for dismissing his suit. He correctly points out that he was not required to exhaust administrative remedies; non-prisoner plaintiffs pursuing civil-rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before suing. *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). Grason also correctly notes that *Younger* abstention applies to civil proceedings only if they closely resemble criminal prosecutions, *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591, 593 (2013); *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815–17 (7th Cir. 2014), and his application to participate in the Medicaid program is not akin to his being criminally prosecuted. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 889 (10th Cir. 2009) (*Younger* abstention inappropriate in civil-rights action by Medicaid beneficiary seeking reinstatement of terminated benefits); *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 70–71 (1st Cir. 2005) (*Younger* abstention inappropriate in hospital's action seeking injunction requiring that Medicaid funds be paid as they become due).

Still, Grason's complaint fails to state a due-process claim. Due process applies only to deprivations of constitutionally protected interests, *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972); *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 900 (7th Cir. 2012), and Grason does not identify any protected interest in his potential future participation in the Medicaid program. Indeed, prospective or speculative interests do not trigger due process. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d

416, 423 (7th Cir. 2010) (speculative effects of future wind farm); *Moore v. Muncie Police & Fire Comm'n*, 312 F.3d 322, 326–27 (7th Cir. 2002) (prospective employment). Moreover, it is doubtful that current Medicaid providers even have a protected interest in continuing in the program. *See Guzman v. Shewry*, 552 F.3d 941, 953 (9th Cir. 2008); *Geriatrics, Inc. v. Harris*, 640 F.2d 262, 264–65 (10th Cir. 1981).

Because Grason's complaint fails to state a claim, the judgment of dismissal without prejudice for failure to exhaust is MODIFIED to be with prejudice. *See Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 807 (7th Cir. 2010); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). As modified, the judgment is AFFIRMED.