**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 29, 2014[*]
Decided September 30, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3565

| | |
|---|---|
| JAMES JOHNSON, *Plaintiff–Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CV-00614 |
| DENNIS WALLICH, et al., *Defendants–Appellees.* | Lynn Adelman, *Judge.* |

**ORDER**

Wisconsin inmate James Johnson appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging due process violations in connection with the destruction of his vehicle, which had been stolen but then recovered and taken into possession by the

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(c).

Milwaukee Police Department. The district court concluded that Johnson's complaint did not state a due process claim because he had an adequate state post-deprivation remedy. We affirm.

In his complaint Johnson explained the circumstances that, he alleged, led to his being deprived of his property without procedural due process. As set forth in the complaint, Johnson reported to the Milwaukee police that his car had been stolen. Two months later the police notified him that Officer Dennis Wallich had identified and recovered the car during a traffic stop. Johnson collected his keys from the police and went to retrieve his car from the site of the stop, where the police told him the car had been parked and could be picked up. It was no longer there. After looking for his car for hours and contacting tow lots for days afterward, Johnson filed another stolen-vehicle report. Three months later, he heard back from  Milwaukee police, who informed him that they found his car in Zion, Illinois, stripped of its major parts and in "salvage condition."

A year later Johnson sued Wallich, seeking $16,000 in damages. He alleged that Wallich violated his due process rights by not promptly returning his car after recovering it in the traffic stop. The district court screened the complaint, 28 U.S.C. § 1915A(b)(1), and dismissed it for failure to state a claim because Wisconsin's post-deprivation remedies for redressing the missing property satisfied due process.

Johnson challenges the district court's conclusion that he failed to state a due process claim. He argues that Wallich "released" the vehicle to a tow lot in Zion, Illinois, and so "knowingly and voluntarily refused to return" it. If Wallich did as Johnson alleged, and for purposes here we assume that he did, then the district court properly characterized the officer's actions as random and unauthorized, and the destruction of Johnson's property did not result from constitutionally infirm procedures. When a state official's conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exists. *See, e.g., Zinerman v. Burch*, 494 U.S. 113, 128–30 (1990);  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Leavell v. Illinois Dep't of Natural Resources*, 600 F.3d 798, 805 (7th Cir. 2010).

By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by state officers and officials. It provides tort remedies for those whose property has been converted or damaged by another. WIS. STAT. §§ 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention), 893.51 (action for damages resulting from wrongful taking, conversion, or

wrongful detention of personal property), 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies against prison officials are adequate remedies for deprivation of good-time credits); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Because Johnson does not suggest that the loss of his car resulted from some established procedure or that Wisconsin's post-deprivation remedies were inadequate to redress the damage to his car, he failed to state a due process claim.

Johnson also argues that the district court should have allowed him to amend his complaint to correct any deficiencies. But Johnson did not request leave to amend his complaint, and the district court cannot abuse its discretion by denying leave to amend if Johnson never sought it. *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006); *Carl Sandburg Village Condo. Ass'n No. 1 v. First Condo. Dev. Co.*, 758 F.2d 203, 206 n.1 (7th Cir. 1985).

AFFIRMED.