**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019[*]
Decided February 11, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2298

| | |
|---|---|
| JAMES K. ARINGTON | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District |
| | of Indiana, Fort Wayne Division. |
| *v.* | |
| | No. 1:16-CV-315 TLS |
| JONATHON NORTON, et al., | |
| *Defendants-Appellees.* | Theresa L. Springmann, |
| | *Chief Judge.* |

**O R D E R**

James Arington, a truck driver who received worker's compensation benefits after injuring himself at work, sued the Worker's Compensation Board of Indiana and others after the Board rescinded his benefits. He asserts that the defendants violated his equal-protection and due-process rights by requiring that he use medical providers coordinated by the Board. The district court screened Arington's complaint and

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

dismissed the federal claims with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915. Because Arington did not plead a federal-law violation, we affirm.

We draw the facts from Arington's amended complaint and its attachments. *Carmody v. Bd. of Trs. of the Univ. of Ill.*, 747 F.3d 470, 471 (7th Cir. 2014). After injuring his foot at work, Arington applied to the Board for and, for a time, received worker's compensation benefits. To receive benefits, the Board required that he meet with Board-coordinated medical providers. At one such appointment, while discussing the possibility of surgery, an ankle specialist told Arington that the specialist was limited in what he could do "because of the insurance company." The next month, other doctors examined Arington and reported (falsely, according to Arington) that Arington walked well without a boot or "any changes in his gait." Arington requested and received an "independent" medical evaluation. The examiner opined that Arington had likely reached "maximum medical improvement," doubted "whether surgical intervention was warranted," and recommended a test "to rule out nerve damage" in the ankle. The Board scheduled Arington for that test. Arington alleges that the doctor who performed it lied to the Board by stating that he was "belligerent and disruptive." The Board terminated Arington's benefits, allegedly because of his lack of cooperation.

Arington was dissatisfied with his loss of benefits. He visited a doctor of his choosing, who administered an MRI. This doctor told Arington that his ankle had not healed properly, recommended surgery, and opined that Arington should not work until he had recovered. Arington also challenged the Board's decision to deny his benefits through the Board's administrative channels. That challenge is still ongoing. Finally, Arington filed this suit against the Board, the doctors with whom it coordinates care, insurance companies, and others. He principally asserts that Indiana's worker's compensation laws require benefits recipients, but not non-recipients, to use Board-coordinated medical providers in order to receive benefits. He concludes that, in so doing, the Board unlawfully prevents him (and other recipients) from obtaining equal and adequate medical care. After allowing Arington to amend his complaint, the district court dismissed it with prejudice at screening for failure to state a federal claim. *See* 28 U.S.C. § 1915(e)(2)(B). The court also denied Arington's motion for reconsideration, which proposed adding a theory of liability under the Racketeer Influenced and Corrupt Organizations Act. *See* 18 U.S.C. §§ 1962(c),(d), 1964(c).

Before reaching Arington's arguments on appeal, we pause to address three procedural matters. First, the district court dismissed the complaint at screening, which ordinarily means that the defendants were not served with process. But the court's clerk

inadvertently issued summonses to the defendants, so some of them were served and participate in the appeal. Second, the district court did not consider whether, and the defendants do not argue that, under *Younger v. Harris*, 401 U.S. 37 (1971), the pendency of proceedings before the Board requires abstention. So we need not consider that defense. Third, while this appeal was pending, Arington asked this court to enjoin the Board's procedure for deciding benefits. But because, as we explain below, Arington has no federal claim that the Board's procedure is unlawful, we deny that motion.

We review dismissals under § 1915(e)(2)(B) de novo, *Polzin v. Gage*, 636 F.3d 834, 837 (7th Cir. 2011), and assess whether Arington has pleaded facts that, if true, entitle him to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He has not. He first contends that the Board violated his right to equal protection because under its procedures Indiana residents who do not receive worker's compensation benefits can select their medical providers, but those who wish to receive those benefits may not. This equal-protection claim fails because Arington has not alleged that Indiana's worker's compensation statutes treat benefits recipients like him worse than a similarly situated group. *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *Marcavage v. City of Chicago*, 659 F.3d 626, 631–32 (7th Cir. 2011). The people to which Arington compares himself are those who are not receiving worker's compensation benefits. But he is treated *better* than members of that group. Not only do they *not* receive the benefits that Arington does, but Arington may also visit (and has visited) whomever he wants for treatment; the Board requires only that if Arington wants Board-administered benefits, he must see Board-coordinated doctors. *See* IND. CODE § 22-3-3-6(a) (2018). Because the comparison group is treated no better than he is, the defendants have not violated Arington's equal-protection rights.

Arington's remaining arguments also fail. He contends that the Board has deprived him of his benefits without due process. But this claim fails because he does not identify anything in his ongoing administrative procedure that offends due process. *See Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 807–808 (7th Cir. 2010). Arington also contends that by referring him to specific doctors, the Board is deliberately indifferent to his health in violation of the Eighth Amendment, but he is not detained, so that theory of liability does not apply. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Arington's conspiracy allegations also fail because he has not pleaded the predicate federal-law violations. *See* 42 U.S.C. §§ 1985, 1986 (requiring predicate constitutional violations); 18 U.S.C. §§ 1961(5); 1962(c)–(d) (requiring predicate racketeering acts to show RICO conspiracy). Finally, Arington relatedly argues that the district court should not have dismissed his federal claims with prejudice without first allowing him a

second chance to amend his complaint. But after granting a plaintiff a chance to amend, as the district court did here, a district court may deny further amendments based on the previous "failure to cure deficiencies." *Leavell*, 600 F.3d at 808. We conclude that the district court did not abuse its discretion by denying him another chance to amend.

One final note. In dismissing Arington's federal claims, the district court also dismissed his various state-law-tort claims with prejudice. Because the district court dismissed the federal claims at screening, it should not have reached a merits decision on Arington's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479–480 (7th Cir. 2012). Accordingly, we modify the judgment to dismiss the state-law claims without prejudice.

We have reviewed Arington's remaining arguments, and not one has merit.

The district court's dismissal of his federal claims is AFFIRMED as modified. His motion for injunctive relief is DENIED.