**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2020[*]
Decided August 27, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 20-1575

| | |
|---|---|
| C. GRIFFIN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 19-cv-277-bbc |
| BOARD OF REGENTS OF THE<br>UNIVERSITY OF WISCONSIN<br>SYSTEM, et al.,[**]<br>    *Defendants-Appellees*. | Barbara B. Crabb,<br>*Judge*. |

**O R D E R**

    C. Griffin, an African American woman, sued the Board of Regents of the University of Wisconsin System and others for discrimination in the admissions process and tuition charges. The district court dismissed all but one claim on the pleadings. Later, after Griffin refused to obey discovery orders, it dismissed the suit with

---

    [*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

    [**] In the caption we use the name that the plaintiff uses for herself and the correct name of the principal defendant.

prejudice. The dismissed pleadings are legally deficient, and the court reasonably dismissed the surviving claim as a sanction for Griffin's disobedience, so we affirm.

Griffin alleges that the Board of Regents, the University of Wisconsin-Milwaukee, and their "employees and/or agents" targeted her based on her race, gender, and national origin. During the admissions process, she says, they subjected her to "strange, bizarre[,] and harassing behavior," like requiring her to complete unnecessary tasks. And once she was admitted, the defendants "engage[d] in extortion" by charging her the higher out-of-state tuition rate even though she is a Wisconsin resident. In this suit, she invokes her right to equal protection, *see* 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (barring discrimination in federally assisted programs); and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. *See id.* § 1964(c) (creating civil remedy).

On the defendants' motion, the district court dismissed all claims except Griffin's Title VI claim against the Board. The court first ruled that the University of Wisconsin-Milwaukee is not a suable entity under state law. *See* FED. R. CIV. P. 17(b)(3) (directing federal courts to consider state law in determining a party's capacity to be sued). It then dismissed her equal-protection claims, explaining that, as a state agency, the Board is not a "person" subject to suit under § 1983 and that Griffin failed to allege how the individual defendants personally participated in the alleged discrimination. Finally, the court ruled that Griffin failed to state a civil RICO claim because she did not allege a pattern of racketeering activity "with sufficient particularity."

Griffin opposed the Board's discovery requests regarding the remaining Title VI claim. She moved to quash its attempts to depose her in Madison, arguing that traveling there from her home in Milwaukee was burdensome. The district court denied the motion to quash, reasoning that Griffin had filed her suit in the Western District of Wisconsin, so she "should have known that at least some legal proceedings would necessarily involve her travel[ing] to Madison" (where the court is located). And although it was "sympathetic to [her] proffered stress about traveling to an unfamiliar city," the court explained that the travel does not qualify as an "undue burden" that would merit striking the deposition notice.

Despite the court's ruling that she must attend her deposition, Griffin remained intransigent. She moved to quash the Board's amended notice of deposition as "fatally defective" for the same reasons as in her prior motion. She also rebuffed the Board's repeated requests that she produce her student records or sign a form authorizing their disclosure, arguing that the Board sought "irrelevant, immaterial[,] or inadmissible

information." This obstinance led the Board to file a motion to compel discovery, which the district court granted. It ruled that Griffin was denying the Board "the discovery it needs to defend against her claim" and gave her two options: "[S]he can either sign the authorization and sit for a deposition or she can abandon her lawsuit." The court gave her until the end of the month to comply with the discovery order, warning that failure to do so "almost certainly will result in the court dismissing [her] lawsuit."

Griffin did not comply with the court's order. Instead, she filed (1) an objection to the order, arguing that it lacked a "factual basis"; (2) a motion to disqualify defense counsel for fraud and "abusive litigation tactics"; (3) a motion to compel discovery; and (4) a request for an interlocutory appeal of the denial of her motion to quash. The district court denied each request and again ordered her to sign the form and commit to a deposition date. The court cautioned that if Griffin disobeyed or responded only with "additional motions to quash or objections," then it would dismiss her suit.

When Griffin still did not comply with the discovery order (and instead filed another objection, a motion to disqualify the judge, and a motion to transfer venue), the Board moved to dismiss the suit as a sanction. Observing that Griffin "does not deny her failure to comply with the [court's discovery] order," the district court agreed to sanction Griffin and dismissed her suit with prejudice.

On appeal, Griffin opposes the district court's dismissal of her suit as a sanction for disregarding its discovery orders, raising two arguments. She first contends that the deposition notice was "fatally defect[ive]" because she did not receive a formal subpoena. But a subpoena is not necessary to compel the attendance of a party (or to sanction a party's non-attendance); a notice of deposition is sufficient. *See* FED. R. CIV. P. 37(d)(1)(A)(i). Moreover, the district court twice ordered Griffin to comply with the deposition notice, but still she did not. When a party willfully and repeatedly disobeys a court's discovery orders—despite receiving warnings that the court may dismiss the case for failure to comply—a district court does not abuse its discretion by dismissing the suit as a sanction. *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190–92 (7th Cir. 2011); *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *see also* FED. R. CIV. P. 37(b)(2)(A)(v) (permitting a district court to "dismiss[] the action or proceeding in whole or in part" for failure to obey a discovery order).

Second, Griffin argues that the deposition would have been "unduly burdensome" because of the travel and associated expenses. But the district court adequately addressed these concerns, noting that *she* chose a Madison-based federal

court as the forum for her suit and concluding that neither the travel required nor Griffin's stress about it qualified as an undue burden. The court's multiple orders directing her to set a date for the deposition, and warning her of dismissal if she refused, were "sufficient to convince her that her position had not gained any traction with the court." *Lewis v. Sch. Dist. #70*, 648 F.3d 484, 488 (7th Cir. 2011).

The defendants urge us to affirm the dismissal of the entire case, including the claims dismissed earlier on the pleadings, on the basis of this sanction. They contend that doing so is proper because the discovery that Griffin refused to provide was "relevant to all claims, including those dismissed on other grounds." Even so, we need not decide if the sanction rationale applies to the earlier-dismissed claims (Griffin herself is silent on the question) because the district court's reasons for dismissing those claims are valid. We briefly address the claims that Griffin raises on appeal.

Griffin first argues that the district court erred in ruling that the University of Wisconsin-Milwaukee is not a suable entity. Noting that legal "persons" are subject to suit, she observes that state law defines a "person" to include partnerships, associations, and corporate bodies. *See* WIS. STAT. § 990.01(26). But as the district court observed, Wisconsin law grants the Board of Regents "primary responsibility for governance of the [state university] system," and, with exceptions not relevant here, the Board possesses "all powers necessary or convenient" for the operation of that system. WIS. STAT. § 36.09(1)(a), (L). Griffin has not identified any other state statute that grants individual components of that system the power to sue or be sued, and we see none.

Griffin also contests the dismissal of her equal-protection claims. Regarding the individual defendants, she contends that she sufficiently articulated their personal involvement because she "specifically name[d] the defendants and state[d] that these defendants 'engaged in discrimination' against [her]." But those conclusory statements are insufficient. Under federal "notice pleading," "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *see also Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012) ("§ 1983 liability is premised on the wrongdoer's personal responsibility."). Nearly all of Griffin's allegations are generally stated and do not connect individual defendants to particular actions. (She singles out one defendant who refused to meet with her for an appointment, but she never specifically alleges that this refusal was on account of her race, gender, or national origin or otherwise explains how it violated her rights.) To the extent that Griffin contests the dismissal of her equal-protection claim against the Board, the district court correctly ruled that, as part of the state, the Board is not a

"person" subject liability under § 1983. *See Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 749 (7th Cir. 2005).

Griffin does not oppose the dismissal of her RICO claims, so we need not address them. We have considered Griffin's other arguments and conclude that none has merit.

AFFIRMED